CHARLES S. YOUNG

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield June 12, 1890.*

1. PERJURY—*elements to constitute the offense—materiality—evidence.* On indictment for perjury in giving false testimony on the trial of an action of ejectment, the prosecution, in order to convict, must prove that the defendant testified in that suit, willfully, corruptly and falsely, on a matter material *to* the issue involved in the action of ejectment.

2. If the assignment of perjury is on evidence on the trial of a cause, in addition to the production of the record, the previous evidence and state of the cause should be proven, or at least so much of it as shows that the matter sworn to was material.

3. Where the alleged false testimony relates to the execution of a deed the record of which was offered on the trial of an ejectment suit, in order to show the materiality of the testimony it will be necessary for the People to show what the chain of the title was, so as to establish the fact that the alleged deed was material; and such chain of title can not be shown by parol evidence, but must be shown by the title deeds, or enough of them to show the materiality of the deed to which the alleged false testimony related.

4. It is error to charge the jury, on the trial of one for perjury, that if they believe, from the evidence, beyond a reasonable doubt, the defendant willfully testified falsely in a material matter in the trial of a cause in court, as charged, etc., they should find him guilty. The statute requires the false testimony, to make out perjury, to be "in a matter material to the issue or point in question." Material matter may not be material to the *issue* or *point* in question.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. EDWARD P. VAIL, Judge, presiding.

Mr. F. BOOKWALTER, and Mr. G. W. SALMANS, for the plaintiff in error:

Perjury is defined by our statute as follows: "Every person having taken a lawful oath, or made affirmation, in any judicial proceeding, or in any other matter where, by law, an oath

or affirmation is required, who shall swear or affirm, willfully, corruptly and falsely, in a matter material to the issue or point in question, * * * shall be deemed guilty of perjury," etc. Rev. Stat. 1874, p. 387, sec. 225.

It is manifest that, under our statute, and even at common law, in order to constitute perjury the witness must have testified, corruptly, willfully and falsely, to a material matter in issue, and that the witness knew his testimony to be false when he gave it, and that he did so with a deliberate intention of misleading the court or jury. *Coyne* v. *People,* 124 Ill. 17; 2 Wharton on Crim. Law, (9th ed.) sec. 1244; 2 Roscoe on Crim. Ev. 856; 1 Bishop on Crim. Law, p. 198, sec. 320.

The alleged material matter concerning which defendant is charged with swearing falsely, is the execution of the alleged deed to Judson and others, a record copy of which was introduced in evidence in the ejectment suit. In the trial of this cause below, it was necessary for the prosecution to prove that the deed referred to had been executed by defendant,—that it related to the land in question, and formed a material link in the chain of evidence in the ejectment suit. The fact that certain testimony was admitted in evidence in the ejectment suit is not sufficient to warrant the jury, on the trial below, in inferring that it was material to the issue in that case, but its materiality must be proven. *Commonwealth* v. *Pollard,* 12 Metc. 225; 2 Bishop on Crim. Proc. sec. 916; 2 Wharton on Crim. Law, (2d ed.) 1281.

The prosecution did not prove, by competent evidence, that the alleged deed was material in the trial of the ejectment suit. It could be shown it was a link in the title only by the title deeds.

Mr. George Hunt, Attorney General, Mr. H. P. Blackburn, State's Attorney, and Mr. J. B. Mann, for the People.

Mr. Justice Craig delivered the opinion of the Court:

This was an indictment in the circuit court of Vermilion county, against Charles S. Young, for perjury. It appears that an action of ejectment was tried at the February term of the court, wherein William D. French was plaintiff, and Charles S. Young and others were defendants. On the trial the plaintiff introduced in evidence a record copy of an alleged deed purporting to have been executed by Charles S. Young to William D. Judson and others, for the land in controversy in the suit. The deed purported to have been executed on July 30, 1874. On the trial Charles S. Young testified in his own behalf. The indictment alleges that it became a material question at the trial whether Charles S. Young signed, executed and acknowledged the alleged deed, a record copy of which was introduced in evidence. It is also charged in the indictment that Charles S. Young testified, at the trial, that he never executed the alleged deed, and that he never deeded the said land described in said alleged deed to any man or any woman, and that he never heard tell of said alleged deed until in June, 1887, and that he never acknowledged the execution of said alleged deed, and that his testimony in regard to said allegations was willfully, feloniously, corruptly, knowingly and maliciously false.

Before alluding to the evidence introduced on the trial to prove the guilt of Charles S. Young, we will first refer to our statute, and ascertain what constitutes the crime of perjury.

Perjury is defined by our statute as follows: "Every person having taken a lawful oath, or made affirmation, in any judicial proceeding, or in any other matter where, by law, an oath or affirmation is required, who shall swear or affirm willfully, corruptly and falsely in a matter material to the issue or point in question, * * * shall be deemed guilty of perjury," etc. (Rev. Stat. 1874, p. 387, sec. 225.) Under the indictment, which was framed under this statute, it devolved

on the prosecution to prove that Charles S. Young testified, in the judicial proceeding named in the indictment, willfully, corruptly and falsely, in a matter material to the issue involved in the action of ejectment, and the first question presented by the record is, whether the evidence introduced by the People on this branch of the case was sufficient to warrant the verdict of guilty which the jury returned against the accused.

As has been seen from the allegations of the indictment, the material question upon which perjury has been assigned was the evidence of the defendant, Young, denying the execution of the deed purporting to have been executed by him, conveying the premises involved in the action of ejectment to W. D. Judson, Amos Tenney and Mary T. Young. The People, on this branch of the case, first read in evidence a record copy of the deed as it appeared recorded in the recorder's office of Vermilion county. Then, William A. Young, an attorney who assisted in the trial of the action of ejectment, for French, the plaintiff in the action, was called, and testified that the deed record, containing the deed from Young to Judson and others, was read in evidence on the trial. The witness then, over the defendant's objection, stated that there was one other original deed, and records of deeds, introduced in evidence to substantiate French's title. Witness could not identify the deeds put in evidence. The witness continued: "In the first place, there was a deed introduced, from George H. McNell to Charles S. Young. My recollection is, we went back to the entry of the property, but I don't remember anything back of McNell. I won't be sure about that, though; and then came this deed from Mr. Young to Judson, Tenney and Mary Young; and then there was a deed introduced from the grantor of Mr. French, who was John L. Donovan. There was a record of a deed from Tenney and Judson to Donovan, as I recollect." Question: "By an attorney in fact?" "Yes, sir; there was a power

of attorney of record also introduced, showing authority, as I recollect, of the attorney to act—to make this deed. In one of the deeds it was decided the power of attorney was insufficient, or the deeds were rather insufficient, and they were ruled out." The witness also testified: "There might have been other deeds introduced. I do not say that I have named all the deeds that were introduced." The witness also stated that the record of the deed from Young to Judson and others was offered to prove one link in plaintiff's chain of title. No deeds whatever were introduced for the purpose of showing that the alleged deed from Young to Judson and others was material, nor was any other evidence, except that of the witness Young, introduced on that subject.

We do not regard this evidence, which was all introduced against the defendant's objection, as sufficient to establish the fact that the deed concerning which the defendant testified was material. In Starkie on Evidence, (vol. 3, page 1142,) in speaking upon this subject, the author lays down the following rule: "If the assignment be in evidence on the trial of a cause, in addition to the production of the record, the previous evidence and state of the cause should be proved, or at least so much of it as shows that the matter sworn to was material." This rule is quoted with approval in Russell on Crimes, (vol. 2, p. 662.) Here the alleged deed was claimed to be a link in French's chain of title. If it was, it would be material evidence. It was therefore necessary for the People to show what the chain of title was in order to establish that the alleged deed was material. This they undertook to do by the witness Young. But we do not think it was competent to prove a chain of title by parol. Resort should have been had to the deeds, or enough of them, at least, to show that the alleged deed from Young to Judson and others was material. We do not think, as has been suggested, that the action of ejectment should be tried over again, in ascertaining the guilt or innocence of the defendant, but enough of the deeds read in evidence on that trial

should have been produced to show that the deed in question was material.

On behalf of the People the court gave two instructions, as follows:

"1. The court instructs the jury, for the People, that if you believe, from the evidence in the case, beyond a reasonable doubt, that the defendant willfully testified falsely in a material matter, in the trial of a cause in court, as charged in the indictment in this case, then you should find him guilty as charged in the indictment.

"2. That if you believe, beyond a reasonable doubt, from the evidence, that the defendant did execute the deed, a copy of which was introduced in evidence, and that he willfully denied having executed the same, on oath, in a trial where said deed was material, and that he willfully swore falsely about the same, as charged in the indictment, then you should find. him guilty in this case."

In a case of this character, as a general rule, the materiality of testimony is a question of law, and not one of fact. (2 Bishop on Crim. Law, sec. 1039; 2 Bishop on Crim. Proc. sec. 935.) But treating it as a mixed question of law and fact, and thus one for the jury, the instructions were calculated to mislead the jury. In the first instruction the jury were directed to find the defendant guilty if he willfully testified falsely in a material matter, on the trial of a cause in court, while the statute requires the false testimony, to make out perjury, to be "in a matter material to the issue or point in question." The defendant may have sworn falsely in a material matter, and at the same time not sworn falsely in a *matter material to the issue.* On the trial of the ejectment suit it may have been a material matter who had held possession of the land, and the time the possession was continued, and under what title possession was held, and, under the instruction, if the defendant had sworn falsely on that branch of the case, the jury were directed to convict, although that was not the point in issue.

Nor was it the false testimony for which he was indicted. The same objection exists to the second instruction. We think the instructions were both calculated to mislead the jury, and they ought to have been either refused or modified.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*