FRANK ERVINGTON

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 19, 1899.*

INDICTMENT—*an indictment for felony must charge "felonious" intent.*
An indictment for an assault with intent to murder is insufficient
where it fails to charge that the assault was made feloniously.

WRIT OF ERROR to the Circuit Court of Champaign
county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

F. M. GREEN & SON, for plaintiff in error.

E. C. AKIN, Attorney General, and A. J. MILLER,
State's Attorney, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The plaintiff in error, Frank Ervington, was indicted
by the grand jury of Champaign county for an assault
with intent to murder. The indictment contained two
counts. In the first it was charged "that Frank Erving-
ton, late of said county and State, on the tenth day of
May, in the year of our Lord one thousand eight hundred
and ninety-eight, at and in the county and State afore-
said, with a deadly weapon, a knife, which the said Frank
Ervington held in his hand, did unlawfully and willfully
make an assault in and upon John Scott, in the peace
of the people then and there being, with an intent then
and there unlawfully, willfully and maliciously to murder
him, the said John Scott, a human being, contrary to the
form of the statute in such case made and provided and
against the peace and dignity of the People of the State
of Illinois." In the second count it was charged "that
Frank Ervington, late of the county of Champaign and
State aforesaid, on the tenth day of May, in the year of

our Lord one thousand eight hundred and ninety-eight, at and in the county aforesaid, with a deadly weapon, a knife, which the said Frank Ervington held in his hand, did unlawfully and willfully make an assault in and upon John Scott, in the peace of the people then and there being, with an intent then and there unlawfully, willfully and maliciously to murder him, the said John Scott, a human being, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the said People of the State of Illinois." On the trial the defendant was found guilty as charged in the indictment. The court overruled a motion for a new trial and in arrest of judgment, and sentenced the defendant to the penitentiary.

On the motion in arrest of judgment the plaintiff in error assigned as a ground for the motion that the indictment, and each and every count therein, is insufficient in law, and fails to substantially charge the defendant with the crime of assault with intent to commit murder, in words sufficient in law. The specific objection urged to the indictment is, that it contains no allegation that the assault upon John Scott was made feloniously. At an early day in this State the question presented arose in *Curtis* v. *People*, 1 Scam. 285, and the court held that in an indictment for an assault with intent to murder, like the indictment here involved, it was necessary to charge that the act was feloniously done. In the decision of the question it was said: "Curtis was indicted for an assault with intent, of his malice aforethought, to kill and murder, but the indictment does not charge the act to have been done feloniously. * * * The only point necessary to be decided is whether the indictment is sufficient. In the case of *Curtis* v. *People*, Breese, 256, this very point was made, and it was held that it was necessary 'that the intent should not only be charged to be in itself malicious and unlawful, but that the felonious design and extent of the crime intended to be perpetrated should be distinctly

set forth, otherwise the inference would be that the assault might be excusable or justifiable.' For this defect in the indictment the judgment below must be reversed." In *Curtis* v. *People*, Breese, 256, on an indictment for an assault with intent to murder, it was held indispensable that the intent should be alleged to be unlawful and felonious. In 1 Chitty on Criminal Law (sec. 242) the author says that every indictment for treason must contain the word "traitorously," every indictment for burglary "burglariously," and "feloniously" must be introduced in every indictment for felony. In Moore on Criminal Law it is said (sec. 790): "Unless the statute has changed the common law, the word 'feloniously' must be used in all cases of felony at common law or made felony by statute, and if this word be omitted in a charge for carrying away grain, the offense will be trespass. But in cases of misdemeanor the use of the word 'feloniously' is unnecessary in charging the offense, though it does not vitiate the indictment." At common law the rule seems to have been general, in charging the crime, to allege the intention as felonious. 1 Bishop on Crim. Law, 693; 1 Wharton on Am. Crim. Law, 1283-1287; 1 Bishop on Crim. Proc. sec. 534.

The offense for which the defendant was indicted was a felony, and we are of opinion that the law required the indictment to allege that the act was done feloniously. Some States have adopted a different rule, but we regard the rule heretofore adopted in this State as the better one, and one, too, sustained by the weight of authority. We are therefore of opinion that the court erred in refusing to arrest the judgment, and upon that ground the judgment will be reversed and the cause remanded.

                   *Reversed and remanded.*