(No. 10894.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES ASHBROOK, Plaintiff in Error.

*Opinion filed December 21, 1916—Rehearing denied Feb. 7, 1917.*

1. PERJURY—*general description of the proceeding is sufficient in an indictment for perjury.* The purpose of describing in an indictment for perjury the proceeding in which the perjury was committed is to show that it was a judicial proceeding of which the court had jurisdiction and that the false testimony was material, but the description of the proceeding need not be set out in detail.

2. SAME—*what description of proceeding is sufficient in indictment charging perjury during prosecution for illegal sale of liquor.* An indictment for perjury committed during a prosecution of the defendant for the illegal sale of intoxicating liquor need not set out the proceeding with greater particularity than to allege that the defendant was charged in such proceeding with the illegal sale of intoxicating liquors in a certain town; nor is it necessary to set out which particular section of the liquor law is charged to have been violated.

3. SAME—*the defendant may commit perjury during prosecution against him although erroneously convicted therein.* The circuit court has jurisdiction of all misdemeanors tried with or without a jury, and if the defendant is tried by such court without a jury having been waived and is convicted of the misdemeanor charged, his conviction, although erroneous, is not void, and he may be indicted for perjury committed during such trial.

4. SAME—*methods of averring materiality of testimony upon which perjury is assigned.* There are two methods of averring the materiality of the testimony upon which perjury is assigned: one by setting forth the issue and the matter sworn to, so that the court can see that the testimony was material; the other, by stat-

ing the particular testimony charged to be false, with the allega-
tion that such testimony was material.

5. SAME—*what indictment sufficiently charges that the testi-
mony was material to the issue.* An indictment which charges that
the testimony alleged to be false was material to the issue on the
trial of the cause charges sufficiently that the evidence was "in a
matter material to the issue or point in question."

6. SAME—*allegation that the testimony "was a material matter
in issue" is sufficient.* An indictment for perjury alleging that "it
became and was a material matter in issue in said cause as to
whether or not" the defendant had sold any intoxicating liquors
within a certain territory is a sufficient allegation that the testi-
mony on such question was material to the issue. (*Young* v. *Peo-
ple,* 134 Ill. 37, distinguished.)

7. SAME—*perjury need not be alleged to have been committed
feloniously.* Every indictment is sufficiently technical and correct
which alleges and charges the offense in the language of the stat-
ute creating the offense, and an indictment for perjury alleging,
in the language of the statute, that the perjury was committed
"willfully, corruptly and falsely" is sufficient without alleging it to
have been done feloniously, since perjury was not a felony at the
common law.

8. SAME—*one good count, if proved, is sufficient to sustain a
conviction.* One good count in an indictment for perjury, if sup-
ported by the evidence, is sufficient to sustain a conviction.

WRIT OF ERROR to the Circuit Court of Champaign
county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

F. M. GREEN, GREEN & PALMER, and CHARLES F.
MANSFIELD, for plaintiff in error.

P. J. LUCEY, Attorney General, LOUIS A. BUSCH,
State's Attorney, and GEORGE P. RAMSEY, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Charles Ashbrook was convicted of perjury in the cir-
cuit court of Champaign county and seeks a reversal of the
judgment for error of the court in overruling his motion
in arrest of judgment on the ground of the insufficiency
of the indictment.

The indictment consisted of two counts. The objections made to it are, that neither count describes the character of the offense charged in the proceedings in which the alleged false testimony was given or the nature of such proceedings; that there is no averment that the alleged false testimony was material to the point in issue in those proceedings and no showing on the face of the indictment that the alleged false testimony was material to the point in issue; that there is no averment that the false statements were made feloniously or that the defendant knew they were false; that the second count states that the former proceeding was tried before the court, but does not state that a jury was waived or whether the charge was a felony or a misdemeanor.

The second count of the indictment alleges that "Charles Ashbrook, late of said county, on the eighth day of February, in the year of our Lord one thousand nine hundred sixteen, at and within the said county of Champaign and State of Illinois aforesaid, being the defendant in a certain proceedings entitled 'The People of the State of Illinois against Charles Ashbrook,' which was a proceeding charging the defendant, Charles Ashbrook, with the unlawful and illegal sale of intoxicating liquor at and within the limits of the town of Champaign, in Champaign county, Illinois, which said proceedings was pending and was heard in the circuit court of Champaign county, Illinois, on the eighth (8th) day of February, in the year of our Lord one thousand nine hundred sixteen, (1916,) the same being one of the regular judicial days of the circuit court of Champaign county, Illinois, said court having lawful authority to try said cause and having jurisdiction of the parties to said cause, and upon the hearing of said cause, wherein the People of the State of Illinois was plaintiff and Charles Ashbrook was defendant, it became and was a material matter in issue in said cause as to whether or not the said Charles Ashbrook, said defendant as aforesaid, had sold any beer,

wine or whisky or any intoxicating liquor at and within the
limits of the town of Champaign, in Champaign county, Illi-
nois, at any time within eighteen (18) months prior to the
twenty-seventh (27th) day of January, in the year of our
Lord one thousand nine hundred sixteen," etc.

The purpose of describing in the indictment the pro-
ceeding in which the perjury was committed is to show that
it was a judicial proceeding of which the court had juris-
diction and that the false testimony was material. A gen-
eral description of the proceeding is sufficient and it need
not be set out in detail. The indictment shows that the de-
fendant was charged in that proceeding with the illegal sale
of intoxicating liquors in the town of Champaign, and it
was not necessary to set out the charge in that case with
any greater particularity. There are various misdemeanors
created by the statute to which this description may apply,
but it is not necessary to set out which particular section
of the statute was charged to have been violated in order
to advise defendant of the nature of the charge of perjury
against him. The circuit court has jurisdiction of all mis-
demeanors and therefore had jurisdiction of this charge.
It had jurisdiction to try the defendant for a misdemeanor
without a jury, and its jurisdiction was not affected whether
a jury was waived or not. If the defendant was tried by
the court without a jury having been waived, as provided
in the statute, and convicted of the misdemeanor charged,
his conviction was erroneous but not void, and if there was
corrupt and willful false swearing in a matter material to
the point in issue on such trial it was perjury.

It is argued that the indictment in this case does not
state the issue in the proceeding in which the perjury was
committed, and the testimony has not been set forth in such
a way that this court can see, from an inspection of the in-
dictment, that the alleged false testimony was material to
the point in issue. There are two methods of averring the
materiality of the testimony upon which perjury is assigned:

276 – 25

one by setting forth the issue and the matter sworn to, so that the court can see that the testimony was material; the other, by stating the particular testimony charged to be false, with the allegation that such testimony was material. An indictment which charges that the testimony alleged to be false was material to the issue on the trial of the cause charges sufficiently that the evidence was "in a matter material to the issue or point in question." (*People* v. *Three-witt*, 251 Ill. 509.) In *Kizer* v. *People*, 211 Ill. 407, the indictment, after stating the court in which the cause was pending, the names of the parties and that the charge was unlawfully keeping a gaming house and for unlawfully gaming, averred that "it then and there became and was a material question whether the said John Kizer told one Dennis Lyons," on, etc., "that he, the said John Kizer, was the proprietor of a certain gaming house," etc. Many decisions are considered in that opinion, the allegation was held sufficient and the indictment was sustained. The language in the second count of the indictment in the present case is, that "it became and was a material matter in issue in said cause as to whether or not the said Charles Ashbrook" had sold any intoxicating liquors within the limits of the town of Champaign, etc. "A material matter in issue in said cause" is not different from a "material question." It was said in *Young* v. *People*, 134 Ill. 37, that the defendant may have sworn falsely in a material matter and at the same time not have sworn falsely in a matter material to the issue; and this is true because the material matter may not have been in issue, but it cannot be true that the defendant swore falsely on the trial as to a material matter in issue and at the same time did not swear falsely in a matter material to the issue. The second count of the indictment avers the defendant's knowledge of the falsity of his testimony, for in that count, after averring that the defendant testified that he had not sold any intoxicating liquor in the

town of Champaign, it is averred that in truth and in fact, as he then and there well knew, he had sold intoxicating liquor in the town of Champaign within eighteen months prior to January 27, in the year of our Lord one thousand nine hundred sixteen.

It is insisted that the indictment is bad because in neither count is it averred that the alleged false testimony was feloniously given. It was held in *Ervington* v. *People,* 181 Ill. 408, that an indictment for a felony must allege that the act was done feloniously. That was an indictment for an assault with intent to murder, which was a felony at common law. In *Bolen* v. *People,* 184 Ill. 338, (an indictment for incest,) it was contended that the indictment must state that the offense was feloniously committed, but the objection was not sustained for the reason that incest is a statutory offense and not a felony at common law. The case of *Ervington* v. *People, supra,* was cited, the court saying that the rules were different where the offense was a felony at common law. Perjury was not a felony at common law. (30 Cyc. 1399; 22 Am. & Eng. Ency. of Law,— 2d ed.—682; 2 Bishop on Crim. Law,—2d ed.—sec. 885.) The indictment was in the words of the statute, "willfully, corruptly and falsely," and every indictment is to be deemed sufficiently technical and correct which alleges and charges the offense in the language of the statute creating the offense.

We have considered only the second count. One good count is enough to sustain the judgment.

The motion in arrest was properly overruled, and the judgment of the circuit court will be affirmed.

*Judgment affirmed.*