(No. 14130.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MATTHIAS CONNORS, Plaintiff in Error.

*Opinion filed December 22, 1921—Rehearing denied Feb. 9, 1922.*

1. CRIMINAL LAW—*statutory division of crimes into felonies and misdemeanors is not the division of the common law.* The statutory division of crimes into felonies and misdemeanors is in no sense the division known to the common law and is not based on the same distinction but is an arbitrary classification, which merely recognizes felonies as having existed at the common law.

2. SAME—*burglary of a railroad car need not be described as having been feloniously committed.* An indictment charging burglary of a freight car of a railroad company is sufficient if it charges the offense in the language of the statute, and as the act charged is made burglary by the statute only, the indictment need not charge the act to have been either feloniously or burglariously done.

3. SAME—*the word "steal" means to commit larceny.* It is not a good objection to a charge of burglary "with intent to steal" that such a charge does not contain the element of asportation in the taking and carrying away of the property, which is essential in larceny, as that element is included in the word "steal," which means to commit larceny.

4. SAME—*what is sufficient proof of corporate existence of railroad company.* In a prosecution for burglary of a freight car of a railroad company, proof that the company had been exercising the franchises of a railroad corporation for more than forty years, during which time it had been engaged in the business of transportation of freight and passengers and owned railroads extending into many States, as well as depots, freight houses and cars, is sufficient proof, under the statute, of corporate existence by user.

WRIT OF ERROR to the Circuit Court of McHenry county; the Hon. E. D. SHURTLEFF, Judge, presiding.

JAMES F. FARDY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, VINCENT S. LUMLEY, State's Attorney, CHARLES E. SELBY, and WILLIAM M. CARROLL, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error was convicted in the circuit court of McHenry county on an indictment charging him in four counts with having burglariously and forcibly broken and entered a railroad car of the Chicago and Northwestern Railway Company with intent to rob, steal, take and carry away the goods and chattels of the railway company then and there found. His motions for a new trial and in arrest of judgment were overruled, he was sentenced to imprisonment in the penitentiary, and he has sued out a writ of error.

The motion in arrest of judgment is based upon the failure of the indictment, and each count thereof, to charge that the breaking and entry were felonious, and with felonious intent to steal, take and carry away the goods of the railway company.

At common law, in all indictments for felony the use of the word "feloniously" was absolutely necessary. It was a technical word which could not be dispensed with and its place could not be supplied by the use of any other. In the same way the word "traitorously" was essential in all indictments for treason and "burglariously" in all indictments for burglary. In every indictment for murder it was necessary to state as a conclusion, from the facts averred, that the defendant of his malice aforethought did kill and murder the deceased, and no other word than "murder" was sufficient. If the death arose from any wound it was essential to allege that the wound was mortal, and this word could not be supplied by the allegation that the deceased died in consequence of the violence inflicted upon him. (1 Chitty on Crim. Law, *242, *243.) In accordance with this doctrine it was held in *Ervington* v. *People*, 181 Ill. 408, that an indictment which charged that defendant unlawfully and willfully made an assault upon a person named, with intent then and there unlawfully, willfully and mali-

ciously to murder him, was not sufficient to substantially charge the defendant with the crime of assault with intent to commit murder, because it contained no allegation that the assault was made feloniously. In *Bolen* v. *People*, 184 Ill. 338, a different rule was said to prevail where the offense was not a felony at common law, and it was held that the indictment in that case, which was for incest, need not state that the offense was feloniously committed, since incest is a statutory offense and not a felony at common law. So perjury need not be alleged to have been feloniously committed, since perjury was not a felony at common law. (*People* v. *Ashbrook*, 276 Ill. 382.) The same is true of forgery. (*State* v. *Murphy*, 17 R. I. 698.) Burglary and larceny were felonies at common law, and if the common law rule is to be applied, the indictment was insufficient and the motion in arrest should have been sustained. At common law, felony was any crime which occasioned the forfeiture of lands and goods. (4 Blackstone's Com. 94.) We have no such thing in the United States and never had. Not only was there no common law felony in Illinois, but no statute declaring what crimes should be regarded as felonies until the Criminal Code of 1874 enacted that felony is an offense punishable by death or by imprisonment in the penitentiary and that every other offense is a misdemeanor. This division of crimes into felonies and misdemeanors is in no sense the division known to the common law and is not based on the same distinction, but is an arbitrary statutory classification of criminal offenses which has the advantage of ease and certainty of application. Where the words "felony" and "feloniously" appear in our statutes or decisions before 1874 they refer to offenses to which such terms were applicable in the common law. While there was no such thing in this State as a felony according to the common law test, and no statutory felony, the General Assembly adopted the Criminal Code of 1827, which provided in section 157 that "all offenses herein defined shall be prose-

cuted and punished as by this act is prescribed, and not otherwise, and all other offenses may be punished by fine and imprisonment in the discretion of the court, provided the fine shall in no case exceed $100 and the imprisonment six months." This code uses the term "felonious crimes," and refers to offenses "denominated by the common law felony" and offenses "below the grade of felony," but these expressions refer to felony only in its historical meaning, derived from its use for several hundred years in the common law. The code also provided, in sections 150 and 151, that "every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of this code, or so plainly that the nature of the offense charged may be easily understood by the jury. * * * All exceptions which go merely to the form of an indictment shall be made before trial and no motion in arrest of judgment or writ of error shall be sustained for any matter not affecting the real merits of the offense charged in such indictment." These provisions have been retained in the Criminal Code in practically the identical words to this day. Most, if not all, the offenses "denominated felony by the common law,"—treason, murder, rape, burglary, robbery, larceny and arson, together with many other offenses,—were defined in the code, and it was expressly directed that the offenses thus defined should be punished as by that act prescribed and not otherwise, and that all offenses not so defined might be punished, in the discretion of the court, by fine not exceeding $100 and imprisonment not exceeding six months. Since there were no felonies constituting a separate class of crimes in Illinois, since all crimes were defined by and required to be prosecuted under the statute, which was intended to be, and was, a codification of the criminal law, every indictment was, after the adoption of the code, required to be construed in accordance with the code, and was deemed sufficiently technical and correct if it stated the offense in the

terms and language of this code, "or so plainly that the nature of the offense charged may be easily understood by the jury." "Feloniously" ceased to be a technical word necessary to the description of offenses, for it had no other meaning in the law than its ordinary meaning of manifesting a criminal purpose. Since the existence of felonies as a separate class of crimes was not recognized in the code but they were recognized as merely having existed at common law, there was no reason why it should be regarded as necessary that any acts indictable under the Criminal Code should be described as felonious. Section 150, which declared an indictment sufficient which stated the offense in the terms and language of this code or so plainly that the nature of the offense charged may be easily understood by the jury, was applicable to all cases, and was intended to apply universally in the interpretation of indictments and enforcement of the criminal law. There was no reason that an indictment for a crime which was denounced under this code should be required to conform to the common law rule that all felonies must be charged to have been feloniously committed when there was no such thing as a felony, and the provision as to what should be sufficiently technical and correct in an indictment appeared in the code. This provision has been construed by the court in various cases, most of which have been cases where the offense charged was not a crime at common law but was created by statute, and in all these cases it has been held that a charge stated in the language of the statute, or so plainly that the nature of the offense charged could be easily understood by the jury, was sufficient. In the one case of assault with intent to commit murder it was held, immediately after the adoption of the code, that it was necessary that the intent should be charged to be malicious and unlawful and that it should also be charged to be felonious. (*Curtis* v. *People,* Breese, 256; *Curtis* v. *People,* 1 Scam. 285.) These cases were followed in *Ervington* v. *People, supra.*

Every indictment for burglary was required at common law to contain the technical word "burglariously" as well as the technical word "feloniously." In *Lyons* v. *People,* 68 Ill. 271, an indictment charged the defendants, as does the indictment here in question, with breaking and entering a freight car of a railway company with intent to steal, take and carry away the goods and chattels of the railway company. The indictment contained the word "feloniously" but not the word "burglariously," and it was held that as the offense was stated in the language of the statute and so plainly that the nature of the offense could be easily understood it was sufficient. It was stated in the opinion that it was undoubtedly true that the word "burglariously" was indispensable in a count for burglary at common law, and it was also said that the offense described was not a common law burglary but was made burglary by the act of February 19, 1859, alone. So in this case, the act charged is made burglary only by the statute, and, being a statutory offense, an indictment for it need not charge the acts to have been either feloniously or burglariously done. The indictment charged the offense in the language of the statute and so plainly that its nature may be easily understood by the jury, and this is sufficient without the use of adverbs or epithets. The code of Iowa provides that an indictment is sufficient which alleges the facts constituting the offense in ordinary and concise language, with such certainty and in such manner as to enable a person of common understanding to know what is intended and the court to pronounce judgment according to law upon a conviction, and it is held in that State that it is unnecessary to include the word "felonious" or "feloniously" in charging a felony, or "burglarious" or "burglariously" in charging a burglary. *State* v. *Judd,* 132 Iowa, 296; *State* v. *Griffin,* 79 id. 568; *State* v. *Short,* 54 id. 392.

Complaint is also made of an instruction given at the request of the People which informed the jury that if they

found that the defendant forcibly broke and entered the car with intent to steal the property of the railway company they should find him guilty, because it omitted to state that the breaking and entering of the car and the intent to steal must be felonious. What has been said in regard to the motion in arrest of judgment sufficiently answers this objection.

It is also urged that the intent to steal does not contain all the elements of the crime of larceny but omits the element of asportation in the taking and carrying away of the property. This element is included in the word "steal," which means to commit larceny.

The plaintiff in error also contends that there is no proof in the record that the Chicago and Northwestern Railway Company owned the goods, but that the proof is that the car and the goods belonged to the Chicago and Northwestern Railroad Company. Since the briefs for the plaintiff in error were filed the bill of exceptions has been amended in the circuit court, and the amendment filed obviates this objection by showing that the name "Chicago and Northwestern Railroad Company," wherever it appears in the bill of exceptions, should be "Chicago and Northwestern Railway Company."

It is claimed that the prosecution failed to prove that the Chicago and Northwestern Railway Company is a corporation. Proof was made under the statute authorizing proof of corporate existence by user, that the Chicago and Northwestern Railway Company had been exercising the franchises of a railroad corporation for more than forty years, during which time it had been engaged in the business of transportation of freight and passengers, owning railroads extending into many States, as well as depots, freight houses and cars, and this evidence was sufficient.

The judgment will be affirmed.    *Judgment affirmed.*