THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL M. DALEY, Defendant-Appellant.

Second District   No. 75-460

Opinion filed April 29, 1977.

George E. Downs, of Palatine, for appellant.

Dallas Ingemunson, State's Attorney, of Yorkville (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of speeding. (Ill. Rev. Stat. 1975, ch. 95½, par. 11—601(b), (e).)[1] He appeals contending that there was a fatal variance between the complaint and the evidence, and that in addition the judgment of guilty was against the manifest weight of the evidence.

The Illinois citation and complaint which was issued charged the defendant with speeding 62 miles per hour in a 50-mile-per-hour zone at "Rt. 71 S. Bnd. at Hughs [*sic*] Rd."

The bystander's record states as pertinent:

"Sheriff Alsup testified that on May 26, 1975 at approximately 5:15 a.m. he was on regular patrol. He was parked at Pavillion Road and Route 71 observing traffic.

HE OBSERVED THE Defendant southbound on Highway 71 and the defendant was driving a tractor trailer truck having a gross weight of over 8,000 lbs. when the speed limit was 50 M.P.H. He followed the Defendant for 5-6 miles thereafter. He stated he maintained a distance of between 400-500 feet behind the Defendant. His car was equipped with a caliberated speedometer and that during the 5-6 miles going South from Pavillion Road, he clocked the Defendant going between 62-67 miles per hour on Route 71 depending on whether he was uphill or downhill."

Defendant moved for a directed verdict on the basis that there was no testimony as to defendant's speed at Hughes Road whereas the citation had charged defendant with speeding at that location. The motion was

---

[1] "(b) No person may drive a vehicle upon any highway of this State at a speed which is greater than the applicable statutory maximum speed limit established by paragraphs ° ° ° (e) ° ° °."

"(e) Unless some other speed restriction is established under this Chapter, the maximum speed limit outside an urban district for a vehicle of the second division designed or used for the carrying of a gross weight of 8,000 pounds or more (including the weight of the vehicle and maximum load) is 50 miles per hour."

denied. Defendant then testified that at Hughes Road he was going only 47 miles per hour.

The record does not show the location of Hughes Road. Defendant argues that since the officer did not testify as to defendant's speed at Hughes Road, the location of the offense specified in the complaint, the charge was either not proved or there was a fatal variance between the charge and the proof which requires reversal.

The State has argued that the proof shows that defendant was speeding southbound over a 5- or 6-mile stretch of Route 71 and that there was therefore not a fatal variance between the charge and the proof. Alternatively, the State asks that we take judicial notice of the location of Hughes Road as being an intersection of Route 71 within 5-6 miles from Pavillion Road as the officer testified.

We do not decide whether this court may take judicial notice of the location of Hughes Road as the State suggests inasmuch as we have concluded that the evidence in the bystander's record is sufficient to prove the charge of speeding in the manner set forth in the statute. We also conclude that there is no fatal variance between the charge and the proof.

The material elements of the charge of speeding as set forth in section 11—601 of the Illinois Vehicle Code as here pertinent are the driving of a vehicle upon any highway of the State at a speed greater than that prescribed for the vehicle of that class.

■■ Under the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—3(a)) the time and place of an offense are generally recognized as separate and distinct from the nature and elements of the offense and considered "subsidiary matters." (See *People v. Patrick*, 38 Ill. 2d 255, 259 (1967); *People v. Banchett*, 33 Ill. 2d 527, 534 (1965); *People v. Burch*, 19 Ill. App. 3d 360, 362 (1974).) If the offense can only be committed at a particular place, however, the place of its commission may become material and thus be required to be alleged and proved with reasonable definiteness. *Cf. People v. Burch*, 19 Ill. App. 3d 360, 362; *State v. Lantz*, 90 W.Va. 738, 111 S.E. 766, 26 A.L.R. 894 (1922).

■■ The statute before us prohibits the driving of the class of vehicle being operated by the defendant on "any highway of this State" at a speed in excess of 50 miles per hour. The officer testified that he followed defendant for 5 to 6 miles southbound on highway 71 and that during that distance he clocked defendant between 62-67 miles per hour on Route 71. The complaint charged defendant with speeding southbound on Route 71 and there was no substantial variance between the charge and the proof. The reference in the complaint to Hughes Road, where defendant was apparently stopped at the end of the chase, was not a material element of the charge under the circumstances and was not required to be proved. In

fact, defendant's testimony that he was going only 47 miles per hour "at Hughes Road" would not be a defense to the proof of speeding over a preceding 5- or 6-mile stretch of highway. And, in any event, defendant's testimony was not required to be given credence by the trier of the facts.

The defendant also does not and cannot reasonably claim that he was impaired in preparing his defense. Any possible confusion he might have had could have been cured by a request for a bill of particulars. The request was not made.

We conclude that the evidence was sufficient to prove defendant's guilt beyond a reasonable doubt and that there was no substantial variance between the proof and the charge. We therefore affirm the judgment.

Affirmed.

GUILD and BOYLE, JJ., concur.