THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN W. BRIDDLE, Defendant-Appellee.

Second District    No. 79-141

Opinion filed June 4, 1980.

Dennis P. Ryan, State's Attorney, of Waukegan (Raymond McKoski, Assistant State's Attorney, and Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert P. Will, Jr., of Waukegan, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, John W. Briddle, was acquitted of the offense of speeding (Ill. Rev. Stat. 1977, ch. 95½, par. 11—601(b)) after a bench trial in the Circuit Court of Lake County. Briddle was subsequently indicted for perjury (Ill. Rev. Stat. 1977, ch. 38, par. 32—2(a)), based on statements he made under oath in the speeding trial, and for obstruction of justice (Ill. Rev. Stat. 1977, ch. 38, par. 31—4(a)) based on his alleged attempt to conceal a car rental agreement which would have been offered as evidence of his perjury. The indictment was dismissed by the trial court

on the ground the prosecution of these charges was barred by the doctrine of collateral estoppel; the State appeals.

While the record does not include a report of proceedings of the trial of the speeding charge, it does contain summaries of a State's Attorney investigator's interviews of persons who had been present at that trial including the judge, prosecutor, the arresting police officer and the court clerk. Associate Judge William D. Block, who presided at the speeding trial, also testified during the hearing of defendant's motion to dismiss the present charges and the interview summaries, except the judge's statement, were admitted in evidence at the hearing of the motion to dismiss by stipulation by the parties.

Defendant had been charged on February 10, 1978, with driving 75 m.p.h. in a 55 m.p.h. zone. Testifying at the speeding trial held May 18, 1978, Officer Steve J. Junk said he clocked defendant's speed on radar, stopped the car and took defendant's driver's license from him. When defendant told the officer he was a county board member and late for an important meeting at the office of the forest preserve district, the officer followed him an unspecified distance to that office where he parked behind defendant's car, showed him the speed registered on the radar gun and wrote up the citation.

The citation correctly listed defendant's name, address and driver's license number and described his car as a 1978 silver Chevrolet, Illinois license plate number D/L 80E. Defendant accepted the ticket and signed his name and address to the back of it.

The statements by those who had been present during the trial of the speeding charge are in agreement that after Officer Junk testified defendant, appearing *pro se* and under oath, stated he was speeding or may have been speeding but asserted that he drove a green Cadillac on that day which did not bear dealer plates. When asked by the prosecutor if he had borrowed or rented a car on the day in question, defendant responded he had never driven a car with dealer plates, had never driven a silver Chevrolet and had not driven a Chevrolet in the last 15 years. Count I of the indictment returned against defendant alleged this testimony to be perjury.

Testifying at the hearing of defendant's motion to dismiss the perjury and obstruction charges, Judge Block described the speeding trial as follows:

> "[A]fter Mr. Briddle had testified to his having driven a different car, I made a statement that I couldn't understand, I think the way I put it was I couldn't understand anyone of Mr. Briddle's intelligence committing cold and deliberate perjury about something that could be so easily checked.
>
> * * *

I indicated since there was a disparity there as far as the testimony and since the State had the burden of proof beyond a reasonable doubt, I felt there was enough question that I was not convinced that the State had proved him guilty, and found him not guilty.

\* \* \*

The officer testified very specifically that Mr. Briddle had been driving a new model silver Chevrolet. Mr. Briddle was very specific. He was asked the question a number of times about driving his 1973 Cadillac and that he always drove the Cadillac and never borrowed or leased a Chevrolet on that date.

He was certain he was driving his Cadillac. I felt that there was some possibility at the time that since the officer did not write the ticket until he was at the Forest Preserve meeting that he may have pulled behind the wrong vehicle and written up the wrong car since the specific charge was speeding in a 1978, I believe it was, Chevrolet. That issue was not completely resolved to my satisfaction beyond a reasonable doubt."

Count II of the indictment alleged defendant to have obstructed justice in that he "with the intent to obstruct the prosecution of the said John W. Briddle for the offense of perjury, knowingly concealed physical evidence, namely a one-page document entitled CAR RENTAL AGREEMENT No. 2845, \* \* \* which he obtained from Carriage Cadillac, Inc., Waukegan, Illinois, on May 18, 1978, in violation of [Ill. Rev. Stat. 1977, ch. 38, par. 31—4(a)]."

Upon conclusion of the hearing of defendant's motion to dismiss, the trial court granted it on the basis of *People v. Ward* (1978), 72 Ill. 2d 379, 381 N.E.2d 256, and section 3—4(b)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—4(b)(2)). The court determined that prosecution of the perjury and obstruction charges was collaterally estopped since Judge Block "took into consideration" the conflicting testimony as to what car defendant had been driving. The court concluded that as defendant's acquittal of the speeding charge was based upon an issue of fact which had been resolved in his favor, the same fact issue could not be relitigated in a perjury or obstruction of justice prosecution.

Section 32—2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 32—2(a)) provides:

"(a) A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law such oath or affirmation is required, he makes a false statement, *material to the issue or point in question*, which he does not believe to be true." (Emphasis added.)

Defendant suggests first, without citation of authority, that an incorrect description of the car in a traffic citation may be raised as a defense to a speeding charge. He argues that as materiality in a criminal case is determined by the elements of the offense charged and by any defenses interposed by the accused, the question of the make and model of the car became a material issue and an element of proof which the State failed to establish. Defendant apparently agrees with the State that the materiality requirement of the perjury statute is met by his sworn testimony regarding the car he was driving given in the trial of the speeding charge, but he concludes, relying on section 3—4(b)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—4(b)(2)) and *People v. Ward* (1978), 72 Ill. 2d 379, 381 N.E.2d 256, that the doctrine of collateral estoppel operates to bar prosecution for perjury assigned upon that testimony. In this connection, defendant asserts that his defense was based upon an alleged mistake made by the officer in identifying his car in the speeding citation; that the State failed in its proof of this essential issue of ultimate fact and that, as this elemental issue was fully litigated, the present case is analogous to and controlled by the *Ward* decision.

The State agrees that the materiality requirement of the perjury statute was met by the testimony in question but points out that the testimony was not directed toward any ultimate issue or element of proof in the speeding case (*People v. Daley* (1977), 48 Ill. App. 3d 289, 362 N.E.2d 1084) and, therefore, the doctrine of collateral estoppel does not bar prosecution of the perjury charge.

Illinois reviewing courts have from time to time discussed the concept of materiality in the context of perjury. In such cases the focus of the courts' attention is on the effect of alleged perjured testimony on the trier of fact and the trustworthiness of the fact-finding process. Having before it statutory language similar to that which we consider here the court in *Young v. People* (1890), 134 Ill. 37, 24 N.E. 1070, considered the nature of testimony upon which perjury might be assigned and found the "defendant may have sworn falsely in a material matter, and at the same time not sworn falsely in a *matter material to the issue.*" (Emphasis in original.) (134 Ill. 37, 42, 24 N.E. 1070, 1071.) Such was the case in *Young*, causing defendant's perjury conviction to be reversed. In a later case the court elaborated on *Young* in this way:

> "It was said in *Young v. People*, 134 Ill. 37, that the defendant may have sworn falsely in a material matter and at the same time not have sworn falsely in a matter material to the issue; and this is true because the material matter may not have been in issue, but it cannot be true that the defendant swore falsely on the trial as to a material matter in issue and at the same time did not swear falsely

in a matter material to the issue." *People v. Ashbrook* (1916), 276 Ill. 382, 386, 114 N.E. 922, 923.

In *People v. Mason* (1978), 60 Ill. App. 3d 463, 376 N.E.2d 1059, the court reviewed the somewhat varied treatment the issue of materiality, as it relates to perjury, has received and it concluded "[t]he crux of the crime of perjury is the use of knowingly false information under oath before a court or jury where the information would or could influence the trier of fact." (60 Ill. App. 3d 463, 466, 376 N.E.2d 1059, 1061.) The test of materiality used by the *Mason* court was whether the allegedly false testimony has a natural tendency to influence the trier of fact. (See *People v. Glenn* (1920), 294 Ill. 333, 128 N.E. 532; *United States v. Rivera* (7th Cir. 1971), 448 F.2d 757.) We agree with that reasoning.

■■ Under our perjury statute (Ill. Rev. Stat. 1977, ch. 38, par. 32—2(a)), materiality is an element of the crime which presents a question of law for the court to determine. (*People v. Mason; People v. Dyer* (1977), 51 Ill. App. 3d 731, 366 N.E.2d 572; *People v. Harris* (1968), 102 Ill. App. 2d 335, 242 N.E.2d 782.) When considered in light of the foregoing standard, the testimony in question in the present case clearly did influence the trial judge. This court held in *People v. Daley* (1977), 48 Ill. App. 3d 289, 362 N.E.2d 1084, that the offense of speeding consists of driving a motor vehicle, on an Illinois highway, at an excessive speed. The description of defendant's car was an extraneous matter not required to be proven by the State; nonetheless, defendant's testimony in this regard persuaded the trial court to acquit him. As the judge who presided over the speeding trial noted: "[t]he specific charge was speeding in a 1978 * * * Chevrolet. That issue was not resolved to my satisfaction beyond a reasonable doubt." Defendant's allegedly perjured testimony was, in short, material to an unnecessary issue or point interjected by him and thus met the materiality requirement of the perjury statute.

We turn then to the primary issue of this appeal: whether the doctrine of collateral estoppel bars a perjury prosecution in this case. It is defendant's contention that any false statement which meets the materiality test of the perjury statute cannot be assigned as perjury by reason of the operation of the doctrine of collateral estoppel.

Both *res judicata* and collateral estoppel are corollaries of the Federal Constitution's fifth amendment prohibition against subjecting a defendant to jeopardy twice for the same criminal actions. *Res judicata* refers to the extinguishment of a claim or cause of action once it has been fully litigated. Collateral estoppel, on the other hand, applies to a particular issue which has been fully litigated. (*Ashe v. Swenson* (1970), 397 U.S. 436, 445, 25 L. Ed. 2d 469, 476, 90 S. Ct. 1189, 1195; *United States v. Drevetzki* (N.D. Ill. 1972), 338 F. Supp. 403, 405.)

" 'Collateral estoppel' * * * means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." (*Ashe v. Swenson,* 397 U.S. 436, 443, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189, 1194.)

In *Ashe,* which was not a perjury case, six poker players had been robbed by three or four men. The State tried defendant Ashe first for the robbery of only one of the poker players and, although the proof was clear that a robbery had indeed occurred, evidence relating to the identity of the robbers was weak and Ashe was acquitted. That verdict was necessarily considered by the court to reflect a determination of the jury that Ashe was not one of the robbers and, as the identity issue had been resolved by a valid and final judgment, the United States Supreme Court found a second prosecution of Ashe for robbery of another of the poker players was barred by collateral estoppel.

*Ashe* is not factually similar to the present case, but it formulated a rule of general applicability that a realistic and rational, not hypertechnical, approach must be taken to questions of collateral estoppel. (397 U.S. 436, 444, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189, 1194.) The most recent Illinois Supreme Court decision dealing with collateral estoppel in the context of a perjury trial is *People v. Ward* (1978), 72 Ill. 2d 379, 381 N.E.2d 256. In *Ward* the defendant was convicted of burglary but the trial court granted a new trial on the ground there was insufficient evidence to support the verdict of the jury. The burglary case was not retried and was dismissed; however, the defendant was subsequently indicted for perjury based upon testimony by him during the burglary trial:

"Q: At any time during that day, or any other day, did you, without authority, enter Marshall's garage on 3310 Upton Lane and steal a tire or a tire wheel or anything else?

A. [defendant]: No."

Applying the realistic and rational approach mandated by *Ashe v. Swenson,* our supreme court said:

"* * * we have no doubt that the order allowing a new trial was founded on the trial court's conviction that the prosecution had not proved burglary beyond a reasonable doubt, and, further, that this conclusion of the trial court required a determination which would be inconsistent with and contradictory to the facts which the prosecution would have to establish to prove the defendant guilty of perjury." (72 Ill. 2d 379, 384, 381 N.E.2d 256, 259.)

As the order granting a new trial in that case necessarily entailed a determination that the defendant had not entered the building with intent to steal, proof that he had perjured himself would be "inconsistent with

and contradictory to" that determination. Prosecution of the defendant for perjury for denying he had done so was therefore barred by collateral estoppel and its statutory embodiment in section 3—4(b)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—4(b)(2)). The early Illinois cases of *People v. Niles* (1921), 300 Ill. 458, 133 N.E. 252, and *People v. Niles* (1920), 295 Ill. 525, 129 N.E. 97, stood for the proposition that a defendant could always be tried for perjury based on his testimony during an earlier trial of a substantive offense. It is apparent, however, in light of *People v. Ward*, that this rule has been significantly modified in deference to the principle of double jeopardy. In *Ward* the essential, "realistic and rational" double jeopardy inquiry by our supreme court was this: Was the perjury prosecution really an effort to relitigate the burglary charge? (72 Ill. 2d 379, 385, 381 N.E.2d 256, 259.) It was indeed found to be an attempted relitigation of the substantive charge in that case, as it would be in any case wherein the alleged perjured statement was a direct denial by the accused of an element of the substantive offense.

■■■ Thus, our inquiry should be directed to a determination of whether the present perjury prosecution may fairly and realistically be characterized as an effort by the State to relitigate the earlier speeding charge. Our conclusion is that it may not, for the description of defendant's car, assigned as perjury, was relevant to none of the elements of the offense of speeding (see *People v. Daley* (1977), 48 Ill. App. 3d 289, 362 N.E.2d 1084), nor to any defense to that charge, particularly in light of defendant's apparent admission that he was driving a motor vehicle and had been speeding. We therefore do not agree with defendant that the circumstances of this case are analogous to those of *Ward* and find that his prosecution for perjury is not barred by operation of the doctrine of collateral estoppel.

We believe the approach we take in this case comports with *Ward* and also with the rationale of *People v. Borchers* (1977), 67 Ill. 2d 578, 367 N.E.2d 955. In *Borchers* the defendant admittedly appropriated State funds and the issue was whether he had fraudulently intended to deprive the State of its property. Although he had been acquitted in a Federal prosecution for fraud based on this conduct, he was again tried for the same conduct and this time was convicted in a State prosecution for theft after a trial in which the primary issue was also the element of fraudulent intent. The supreme court held the State proceedings were barred by collateral estoppel, stating:

> "The controlling fact or question in both prosecutions was whether or not the defendant had an intent to commit a fraud. The verdict of acquittal in the Federal prosecution resolved this factual question in favor of the defendant, and his conviction under the State prosecution required that the same factual question be

resolved in favor of the prosecution. Thus relitigating this factual question was violative of the doctrine of collateral estoppel." (67 Ill. 2d 578, 588, 367 N.E.2d 955, 959-60.)

In our view the doctrine of collateral estoppel will not operate in the present case to bar defendant's prosecution for perjury based upon his testimony in the speeding case as it was unrelated to the elements or the ultimate issues of that offense. While his testimony describing the car he was driving at the time in question was not directed to any element of the offense, certainly it became material insofar as that element of the offense of perjury is concerned. As we earlier discussed, this testimony persuaded the trial judge to acquit the defendant in that case.

Were we to characterize a prosecution for perjury in this case as a retrial of a once-litigated and resolved credibility issue, as defendant suggests, the result would be the same. A similar question arose in *United States v. Nash* (4th Cir. 1971), 447 F.2d 1382. In *Nash* a postal employee was charged with mail theft for allegedly having stolen a letter which contained money that had been dusted with flourescent powder. At issue was how the accused had obtained the marked coins, and she testified she received them from a change machine. The majority ruled that in acquitting the defendant "the jury 'necessarily' had to pass upon the truthfulness of her account. The issue was 'crucial' and once adjudicated, its redetermination in a trial for another offense [perjury] is estopped." (447 F.2d 1382, 1385.) Justice Winter, concurring in *Nash*, pointed out the danger inherent in too broadly interpreting the majority's conclusion:

"In almost every criminal prosecution resulting in acquittal where the defendant has testified, it may be said that the jury passed on the defendant's credibility and found him truthful. Yet we should not encourage prevarication by saying that necessarily such a defendant is immune from prosecution for perjury." (447 F.2d 1382, 1387.)

We agree with this observation, and find *Nash* otherwise distinguishable from the case at bar for the alleged perjured statement by the accused in *Nash* was, as in *Ward*, a direct denial of the elements of the substantive offense for which she was being tried.

Turning now to the obstruction of justice charge in this case, we find that it too was erroneously dismissed. Defendant contended that the validity of this charge hinged on the perjury charge but, as we have concluded, the perjury prosecution may proceed. We note, moreover, that defendant's contention is contrary to the language of the obstruction statute which describes the requisite mental state for this offense as "intent to prevent the apprehension or obstruct the prosecution or defense of any person." (Ill. Rev. Stat. 1977, ch. 38, par. 31—4(a).) The offense is not dependent on the outcome of the prosecution alleged to have been

obstructed. See *People v. Saiken* (1971), 49 Ill. 2d 504, 275 N.E.2d 381, *cert. denied* (1972), 405 U.S. 1066, 31 L. Ed. 2d 796, 92 S. Ct. 1499.

The order of the Circuit Court for Lake County is therefore reversed and the cause remanded for further proceedings.

Reversed and remanded.

UNVERZAGT and WOODWARD, JJ., concur.