No. 80–871.  BRIDDLE *v.* ILLINOIS.  App. Ct. Ill., 2d Dist. Certiorari denied.

JUSTICE BRENNAN, with whom JUSTICE STEWART joins, dissenting.

Petitioner, who has been acquitted of speeding, has filed a petition for a writ of certiorari, claiming that his pending prosecution for perjury and obstruction of justice would constitute double jeopardy under the Fifth and Fourteenth Amendments if the prosecution were allowed to proceed.  I would grant the petition for certiorari and reverse the judgment below insofar as it permitted prosecution of the perjury charge.

At petitioner's trial for speeding, the arresting state trooper testified that, after clocking petitioner's speed by radar, he stopped petitioner's car and took his license.  When petitioner told the trooper that he was a county board member and was late for an important meeting at the office of the Forest Preserve District, the trooper allowed petitioner to proceed to that office.  The trooper followed petitioner, parked behind petitioner's car after arriving at the office of the Forest Preserve District, and then wrote up the citation.  The citation listed petitioner's name, address, and driver's license

number and described his vehicle as a 1978 silver Chevrolet, bearing Illinois dealer license plates, number D/L 80E. Petitioner signed his name and address on the back of the ticket.

Petitioner, appearing *pro se,* testified that, on the day in question, he was driving a green Cadillac which did not bear dealer plates. When the prosecutor asked whether petitioner had borrowed or rented a car that day, petitioner responded that he had never driven a car with dealer plates, had never driven a silver Chevrolet, and had not driven a Chevrolet in the preceding 15 years. Petitioner was acquitted of the speeding charge.

After the acquittal, petitioner was indicted for perjury and for obstruction of justice. The perjury charge was based on petitioner's testimony that he was driving a Cadillac, not a Chevrolet. The trial court dismissed the indictment on the ground that prosecution of these charges was barred "under the doctrine of collateral estoppel." App. to Pet. for Cert. 2. The Appellate Court of Illinois reversed, concluding that the doctrine of collateral estoppel embodied in the Double Jeopardy Clause of the Fifth Amendment was inapplicable and that, accordingly, *Ashe* v. *Swenson,* 397 U. S. 436 (1970), did not bar prosecution of the indictment. 84 Ill. App. 3d 523, 405 N. E. 2d 1357 (1980).

I believe that the Court's opinion in *Ashe* v. *Swenson* forbids prosecution of petitioner for perjury. In *Ashe,* we held that the double jeopardy guarantee encompasses the doctrine of collateral estoppel as a constitutional requirement. Determining the applicability of that doctrine "requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" 397 U. S., at 444. Thus, in *Ashe,* petitioner's acquittal of the charge of robbing one of six men playing poker precluded a prosecution for robbing another of the six men, because

"[t]he single rationally conceivable issue in dispute before the jury was whether the petitioner had been one of the robbers. And the jury by its verdict found that he had not." *Id.*, at 445.

At petitioner's speeding trial, "[t]he single rationally conceivable issue in dispute," *ibid.*, was whether petitioner was driving the automobile described in the citation, a 1978 silver Chevrolet, or whether he was driving a "green Cadillac." There is no need to speculate over whether petitioner's acquittal might have rested on some other basis since the trial judge in the speeding case testified at the hearing on petitioner's motion to dismiss the perjury and obstruction of justice charges. He stated:

> "The officer testified very specifically that Mr. Briddle had been driving a new model silver Chevrolet. Mr. Briddle was very specific. He was asked the question a number of times about driving his 1973 Cadillac and that he always drove the Cadillac and never borrowed or leased a Chevrolet on that date.
>
> "He was certain he was driving his Cadillac. I felt that there was some possibility at the time that since the officer did not write the ticket until he was at the Forest Preserve meeting that he may have pulled behind the wrong vehicle and written up the wrong car since the specific charge was speeding in a 1978, I believe it was, Chevrolet. That issue was not completely resolved to my satisfaction beyond a reasonable doubt."*

This testimony makes clear that the trial judge found that there was not proof beyond a reasonable doubt that petitioner was driving the Chevrolet, and that the acquittal rested on that basis. Therefore, a necessary fact to sustain a perjury conviction—that petitioner was really driving the silver Chevrolet—was conclusively rejected at the speeding

---

*In reversing the trial court, the Illinois Appellate Court did not discredit the testimony of the trial judge.

trial. This conclusion is entitled to collateral-estoppel effect. *Ibid.* Any further prosecution of the perjury count of the indictment would negate the beneficial effect of the factfinding at the speeding trial to which petitioner is constitutionally entitled.

I therefore dissent.