THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BARRY DEAN RHODEN, Defendant-Appellant.

Fourth District   No. 4—93—0247

Argued September 14, 1993.—Opinion filed December 16, 1993.—
Rehearing denied January 24, 1994.

Glenn A. Stanko (argued), of Reno, O'Byrne & Kepley, P.C., of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant Barry Dean Rhoden was charged with reckless homicide (Ill. Rev. Stat. 1991, ch. 38, pars. 9—3(a), (b)) and driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(2)). A jury found defendant not guilty of reckless homicide but guilty of DUI. Judgment was entered and defendant appeals, arguing (1) his due process rights were violated because he was convicted on the basis of evidence of DUI at a time different from that charged; (2) the charge was insufficient; and (3) the State did not prove the *corpus delicti* of the offense.

At approximately 7 p.m. on September 17, 1992, while driving home, Champaign County State's Attorney Thomas J. Difanis was flagged down by an individual standing on the roadside. Difanis noted that standing corn had been knocked down and saw a red Chevrolet Corvette in the cornfield. As Difanis approached the vehicle, he saw defendant standing near the car and talking to a person trapped underneath it. According to Difanis, defendant appeared to be very upset, alternatively talking to the person under the car and demanding that those present help lift the car off the person. The fire department rescue vehicles and police arrived shortly thereafter. Difanis detected an odor of alcohol on defendant and expressed the opinion that defendant was intoxicated. Difanis heard defendant say, in response to a question by another person who had come to the accident scene, that he had been driving the car.

Deputy William S. Wascher of the Champaign County sheriff's department arrived at the scene after Difanis and the rescue personnel. Wascher testified that as he approached the vehicle Difanis advised him that the driver was standing to the rear of the vehicle. Wascher noticed defendant's speech was slurred and there was a "very strong

odor of alcohol on his breath." Wascher testified defendant indicated he was taking his friend home to change clothes when the accident occurred. Wascher asked defendant to take a field sobriety test. Defendant was unable to perform a walk-and-turn test, but indicated his back was hurting. Wascher then asked defendant to perform a heel-to-toe walking test and defendant failed to successfully perform it. Wascher concluded, based on the odor of alcohol, defendant's demeanor, his "verbalization," and his conduct, that he was very intoxicated. Defendant was then taken to the booking area of the jail and given a breathalyzer test, which revealed his blood-alcohol content to be .21. Defendant told Wascher he had drunk "probably four" beers at work.

Defendant testified he drank four or five beers in 30 to 40 minutes at his place of employment, an automobile body shop. He and his boss, James Richard Whitton, left the auto shop at approximately 6 p.m. in defendant's Corvette with defendant driving and Whitton in the passenger seat. They went to Senator's Pub on Route 45, arriving at around 6:30 p.m. Defendant testified he had "three or so" more beers and Whitton had mixed drinks. An employee of Senator's Pub, called as a witness by defendant, testified she served defendant three light beers and served Whitton two vodka and tonics, two root beer shots, and a lemon drop. In her opinion, defendant was not under the influence of alcohol and Whitton was. Defendant testified the two stayed at Senator's Pub for approximately 40 minutes, then left in defendant's Corvette with defendant driving. Defendant admitted that after leaving Senator's Pub he "could have been" under the influence of alcohol. Defendant testified that as he and Whitton drove on Route 45, they decided to go to a country and western bar behind the Old Orchard Bowling Alley. They discovered the bar was now an Elks club so they did not go in.

Defendant testified Whitton wanted to drive so defendant sat in the passenger seat while Whitton drove the car back out to the highway, heading north on Route 45. Defendant testified Whitton turned left at the first intersection which, at the time of the accident, defendant thought was Windsor Road but was actually Curtis Road. They proceeded west on Curtis Road when, according to defendant, Whitton said "let's go fast," and then Whitton reached down to grab the gear shift. At that point, according to defendant, "the wheels locked up or something" and the car skidded off the road, hit a ditch, and started flipping. Defendant testified he ended up on the ground in the cornfield and Whitton ended up trapped underneath the car. Whitton died four days later. Defendant testified that when he spoke to

Wascher he was worried that Whitton was hurt and that Whitton would be in trouble because Whitton did not have a driver's license. The parties stipulated Whitton did not have a driver's license at the time of the accident.

Defendant's investigator, Larry Adelsberger, examined the vehicle which had been secured for investigation. Adelsberger found the driver's seat as far back or almost as far back as it could be moved. Defendant testified that when he drove the car he typically had the seat all the way forward because he could not touch the pedals otherwise. Two of defendant's witnesses testified that defendant customarily drove with the seat all the way forward. Adelsberger also found the Corvette had a tilt steering wheel with six possible positions. Counting from the highest point to the lowest, the steering wheel was in the third position when Adelsberger examined it. Defendant testified that he drove with the tilt steering wheel all the way down touching his legs. Defendant testified that when he got out of the car he would release the tilt steering wheel to the top. Two of defendant's witnesses testified that defendant drove with the steering wheel all the way down, almost resting on his legs.

During deliberations, the jury asked the court in a note: "Does the DUI charge only apply at moment of the accident?" The court replied "no" to the jury's inquiry. The jury found defendant guilty of DUI and not guilty of reckless homicide. The trial court denied defendant's request for a special interrogatory asking the jury where and when defendant was DUI.

Defendant filed timely post-trial motions, including a motion for judgment of acquittal notwithstanding the verdict, a motion in arrest of judgment, and a motion for new trial. Defendant attached to the post-trial motions an affidavit from one of the jurors. In the affidavit, which the trial court reviewed along with the post-trial motions, the juror stated that the jury acquitted defendant of reckless homicide because the State "had not proven beyond a reasonable doubt" that defendant was driving at the time of the accident. The juror further stated in the affidavit that based on the court's response to the jury's note asking whether the DUI charge applied only to the accident, the jury believed it could consider as part of the DUI charge defendant's testimony that he had been driving on South Neil Street (Route 45) prior to the accident. The juror concluded the guilty verdict on the DUI charge "related solely to defendant's admitted driving on South Neil Street [Route 45], and had nothing to do with defendant's alleged driving on Curtis Road west of Mattis Avenue" where the accident

took place. The court considered the affidavit, over the State's objection, but denied defendant's post-trial motions.

■■ On appeal, the State filed a motion to strike all references in defendant's brief to the juror affidavit attached to defendant's post-trial motion. A juror may not impeach a jury's verdict by subsequently providing an affidavit or testimony which shows the motive, method, or process by which the jury reached its verdict. (*People v. Boclair* (1989), 129 Ill. 2d 458, 485, 544 N.E.2d 715, 727; *People v. Wilson* (1993), 246 Ill. App. 3d 311, 322, 615 N.E.2d 1283, 1290.) The only way to impeach a jury's verdict is to reveal physical intimidation or excluded events brought to the jury's attention without showing how these events affected the jury's reasoning. (*Wilson*, 246 Ill. App. 3d at 322, 615 N.E.2d at 1290.) Here the juror affidavit revealed the motive, method, and process by which the jury reached its verdict, and should not have been considered by the trial court. We grant the State's motion to strike all references in defendant's brief to the juror affidavit and do not consider the affidavit.

Defendant contends he was denied due process because he was convicted of DUI for driving at a time and location other than that charged. A conviction upon a charge not made or a charge not tried violates fundamental principles of due process. (*Jackson v. Virginia* (1979), 443 U.S. 307, 314, 61 L. Ed. 2d 560, 570, 99 S. Ct. 2781, 2786; *Dunn v. United States* (1979), 442 U.S. 100, 106, 60 L. Ed. 2d 743, 750, 99 S. Ct. 2190, 2194.) Specifically, defendant contends he was charged with DUI at the time of the accident but was convicted of DUI on the basis of evidence showing he drove prior to the accident at a different location.

■■ The statute under which defendant was charged and convicted provides:

"(a) A person shall not drive or be in actual physical control of any vehicle within this State while:
  ***
  (2) under the influence of alcohol." (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(2).)

The offense includes two elements: (1) a defendant must be driving a vehicle, and (2) defendant must be intoxicated while driving. (*People v. Call* (1988), 176 Ill. App. 3d 571, 575, 531 N.E.2d 451, 454.) Here, the DUI count charged defendant with driving under the influence of alcohol in violation of section 11—501(a)(2) of the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(2)) on September 17, 1992, within Champaign County. The count did not specify the road upon which defendant was driving at the time he was alleged to have

committed the offense, nor did it specify that the offense was commit-
ted at the time of the accident. The State knew that defendant and
his vehicle were present at the accident scene on Curtis Road. The
State may not have known before trial where defendant and the vehi-
cle were prior to the accident, specifically, whether defendant and the
vehicle had been on Route 45, but the State could reasonably have in-
ferred that defendant and the vehicle had been on other roads in
Champaign County before they were on Curtis Road.

Due process requires that an indictment or information apprise
defendant of the precise offense charged with sufficient specificity to
enable him to prepare his defense and allow the pleading of the judg-
ment as a bar to future prosecution of the same conduct. (*People v.
Gilmore* (1976), 63 Ill. 2d 23, 28-29, 344 N.E.2d 456, 460.) The charge
here did not violate defendant's due process rights. Defendant was
charged with DUI in accordance with the statute and convicted upon
that charge. The time and place of an offense are generally recog-
nized as separate and distinct from the nature and elements of the of-
fense. (*People v. Daley* (1977), 48 Ill. App. 3d 289, 291-92, 362 N.E.2d
1084, 1086-87 (reference to road where defendant was stopped at end
of chase not a material element of charge).) A driving offense is often
a continuous offense which may be committed on many different
roads over a period of time. (See *People v. Pena* (1988), 170 Ill. App.
3d 347, 350-52, 524 N.E.2d 671, 673-75 (defendant, pursued through
three different areas and three different speed zones, could not be
convicted of three separate counts of speeding).) If defendant was un-
clear as to the location of the DUI charge, he should have asked for a
bill of particulars to alleviate any confusion. *Daley*, 48 Ill. App. 3d at
292, 362 N.E.2d at 1087.

As to whether the pleading of the judgment, here, would bar re-
prosecution, "the time when an indictment defined the limits of jeop-
ardy has passed and a prior prosecution on the same facts may be
proved by resort to the record." (*People v. Jones* (1973), 53 Ill. 2d
460, 464, 292 N.E.2d 361, 363; see also *Gilmore*, 63 Ill. 2d at 30, 344
N.E.2d at 461.) Resort to the record would show the specific offense
upon which defendant was convicted and could be pleaded in bar of
subsequent prosecution.

■ Defendant claims that the DUI charge failed to state an of-
fense. Defendant did not attack the sufficiency of the indictment be-
fore trial but did file a motion in arrest of judgment, claiming the in-
dictment was defective for failing to specify the "time and location of
the alleged offense." Section 116—2(c) of the Code of Criminal Proce-
dure of 1963 provides:

"A motion in arrest of judgment attacking the indictment, information, or complaint on the ground that it does not charge an offense shall be denied if the indictment, information or complaint apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution out of the same conduct." (Ill. Rev. Stat. 1991, ch. 38, par. 116—2(c).)

The standard used to determine the sufficiency of an indictment, information, or complaint when raised in a motion for arrest of judgment is the same as when raised for the first time on appeal. (*People v. Hughes* (1992), 229 Ill. App. 3d 469, 473, 592 N.E.2d 668, 670.) This standard is the same standard as that employed upon a due process challenge to an indictment, information, or complaint. (*Hughes*, 229 Ill. App. 3d at 472, 592 N.E.2d at 669.) As set out above, defendant here was fully apprised that he was charged with DUI arising from a physical act of driving in Champaign County on September 17, 1992. Defendant was apprised of the precise offense charged with sufficient specificity to enable him to prepare his defense. Furthermore, resort to the record would identify the facts upon which defendant was convicted of DUI and bar a subsequent prosecution on those facts. Defendant could not be reprosecuted for driving on any of the roads mentioned in the testimony. We cannot say that the charge was insufficient.

Next, defendant contends that the State failed to prove the *corpus delicti* of the DUI offense beyond a reasonable doubt. The *corpus delicti* is the body or substance of the crime which ordinarily includes the act and the criminal agency. (*People v. Webb* (1987), 153 Ill. App. 3d 1055, 1058, 506 N.E.2d 801, 803.) The *corpus delicti* cannot be proved by confession or admission of the defendant alone. (*People v. Lambert* (1984), 104 Ill. 2d 375, 378, 472 N.E.2d 427, 428.) A defendant who confesses to murder cannot be convicted of murder if there is no other evidence to show that a murder ever took place. (See *People v. Dodds* (1989), 190 Ill. App. 3d 1083, 1096, 547 N.E.2d 523, 533.) There must be some independent or corroborating evidence outside the confession which tends to establish that a crime occurred. If such evidence tends to prove that the offense occurred and corroborates a defendant's confession, it may be considered, together with the confession, to establish the *corpus delicti* of the offense. *Lambert*, 104 Ill. 2d at 378-79, 472 N.E.2d at 428-29; *Call*, 176 Ill. App. 3d at 575, 531 N.E.2d at 454.

■ Defendant claims the State presented no evidence which related to any location other than at or near the accident site on Curtis Road. Initially, we note that a general verdict was returned, and the jury may have found, based on the evidence presented at trial, that defendant was driving at the time of the accident. The State had presented evidence that defendant was the owner of the car, defendant was standing next to the car after the accident, defendant was intoxicated at the time of the accident, and Whitton was pinned underneath the passenger side of the car. Moreover, defendant took pains to keep the car in good condition, making it unlikely for him to have entrusted the car to Whitton, who defendant admitted he believed was intoxicated.

Alternatively, evidence that defendant was driving the car prior to the time of the accident was sufficient evidence to support a conviction for DUI. Independent testimony confirmed defendant's testimony that he and Whitton went to Senator's Pub and defendant consumed several beers. The jury may have drawn the reasonable inference that the owner of a car was its driver. (See *Village of Lake in the Hills v. Lloyd* (1992), 227 Ill. App. 3d 351, 353-54, 591 N.E.2d 524, 524; *People v. Barnes* (1987), 152 Ill. App. 3d 1004, 1006, 505 N.E.2d 427, 428.) Defendant's testimony that Whitton was driving the car at the time of the accident only partially refuted that inference. There was evidence other than defendant's testimony from which the jury could have concluded that the vehicle was driven by an intoxicated driver on other roads before it reached Curtis Road. All of the evidence, together with defendant's admission that he drove on Route 45 after leaving Senator's Pub, supports a finding of defendant's guilt beyond a reasonable doubt.

For the reasons stated, we affirm the judgment of the circuit court of Champaign County.

Affirmed.

McCULLOUGH, P.J., and STEIGMANN, J., concur.