THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK E. LEE, Defendant-Appellant.

Third District   No. 4—97—0457

Opinion filed February 6, 1998.—Rehearing denied March 16, 1998.

Daniel M. Harrod (argued), of Harrod Law Firm, P.C., of Eureka, for appellant.

Stewart J. Umholtz, State's Attorney, of Pekin (Robert J. Biderman and Perry L. Miller (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

On April 2, 1997, a jury found the defendant, Mark E. Lee, guilty of armed robbery (720 ILCS 5/18—2 (West 1994)). He was subsequently sentenced to six years' imprisonment. On appeal, the defendant argues that his conviction should be reversed because: (1) the indictment was defective in that it did not allege a mental state; (2) the jury relied upon improper comments made by the prosecutor; and (3) the State did not prove all of the elements of armed robbery beyond a reasonable doubt. Alternatively, the defendant asks this court to reduce the charge for which he was convicted in accordance with Supreme Court Rule 615(b). 134 Ill. 2d R. 615(b). After a careful review of the record, we affirm.

## FACTS

On August 22, 1996, the defendant was indicted with the offense of armed robbery. The indictment charged:

> "That on or about August 2, 1996, at or near No. 14 Valley Forge Plaza, Washington, Tazewell County, Illinois, said defendant, Mark E. Lee committed the offense of armed robbery (Class X) in that said defendant while armed with a dangerous weapon, a knife, took property, being U.S. Currency, from the presence of Judith K. Wilder, by threatening the imminent use of force in violation of 720 ILCS 5—18—2(a)."

Prior to trial on March 31, 1997, the defendant filed a motion to dismiss the indictment which was denied by the trial court as was his motion to reconsider filed on April 1, 1997. The jury trial therefore proceeded on April 1, 1997.

At trial, the testimony of Hester Lee, Lindie Lee, and Judith Wilder established the following facts. On August 2, 1996, Hester and

Lindie were at the Complexions Beauty Shop in Washington, Illinois, when the defendant entered the shop with a knife having a blade approximately four to five inches long. After telling Hester to open the cash register, the defendant proceeded to beat on the cash register with the knife. Upon learning that Hester was unable to open the register, he told Lindie to open it. She too, however, was unable to do so, and she therefore called for Judith, the owner of the shop.

When Judith came up the stairs from the back of the shop, the defendant was at the top of the stairs and put the knife one foot in front of her face. He then demanded that she open the cash register, which she did. The defendant then removed $49 from the register, fled the shop, and was later apprehended in a cornfield by the police.

The defendant testified on his own behalf. He stated that he entered the shop with his pocket knife, demanded the cash, but never threatened anyone.

During closing argument, the prosecutor made two statements to which defense counsel objected. The first comment was as follows:

"Now, in this matter, in this case, this specific case here, you are also going to be instructed on a charge of theft, which is what we call a lesser included offense of the charge of armed robbery."

Following this comment, defense counsel made an objection which was sustained by the trial court, although the defense's motion for a mistrial was denied. Instead, the trial court instructed the jury as follows:

"The objection raised by the defense is sustained. The offense of armed robbery and the offense of theft are to be considered by the jury as having equal weight, and the instruction that is to be given to the jury in this regard is as follows. The defendant—and I will be reading this again if you will permit me, as I read the instructions to you. The defendant is charged with the offense of armed robbery. The defendant has pleaded not guilty. Under the law, a person charged with armed robbery may be found, number one, not guilty, or number two, guilty, or number three, guilty of theft, and from that point, if counsel will continue his argument."

Notwithstanding the trial judge's admonition, the prosecutor later made a second, similar statement to which the defendant objected. Once again, the trial court sustained the objection and gave a curative instruction.

After retiring to deliberate, the jury returned a verdict of guilty on April 2, 1996. On May 16, 1997, the defendant filed a motion for a new trial in which he attached the affidavits of three jurors. In those affidavits, the jurors stated that although instructed by the court to disregard the improper statements of the prosecutor, the jury did in

fact consider the statements during deliberations. Notwithstanding the affidavits, the trial court denied the defendant's motion. The defendant was sentenced to a term of six years' imprisonment in the Department of Corrections. Thereafter, the defendant filed a timely notice of appeal.

## ANALYSIS

### I. The Indictment

The defendant first argues that the trial court erred when it failed to dismiss the indictment. Specifically, he argues that the indictment was defective because it failed to include a mental state as required by *People v. Jones*, 149 Ill. 2d 288, 595 N.E.2d 1071 (1992). The State responds that the crime of armed robbery is a general intent crime. Consequently, the statutory definition of armed robbery contains no intent element, and an allegation of a particular mental state is not required in the indictment.

■ When the sufficiency of an indictment is attacked in the trial court either before or during a trial, a court must determine whether the charging instrument strictly complies with the requirements of section 111—3(a) of the Code of Criminal Procedure of 1963. 725 ILCS 5/111—3(a) (West 1994); *People v. Thingvold*, 145 Ill. 2d 441, 448, 584 N.E.2d 89, 91 (1991).

According to section 111—3(a), a charge must: (1) be in writing; (2) allege the commission of an offense by stating the name of the offense, citing the statutory provision alleged to have been violated; and (3) set forth the nature and elements of the offense. 725 ILCS 5/111—3(a) (West 1994).

When an instrument charges an offense in the language of the statute, the instrument is deemed sufficient when the words of the statute particularize the offense so that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged. *People v. Smith*, 259 Ill. App. 3d 492, 496, 631 N.E.2d 738, 740 (1994). Therefore, an indictment charging an accused is not defective for failing to allege a mental state where the statute defining the offense does not include a mental state. *People v. Bofman*, 283 Ill. App. 3d 546, 551, 670 N.E.2d 796, 799 (1996).

■ The crime of armed robbery is defined as follows:
> "Armed Robbery. (a) A person commits armed robbery when he or she violates Section 18—1 while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon." 720 ILCS 5/18—2 (West 1994).

Section 18—1 states that a person commits robbery:
> "When he or she takes the property *** from the person or pres-

ence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18—1 (West 1994).

■ The plain language of the statute makes it clear that no mental state is included as an element of the offense of either robbery or armed robbery. Indeed, robbery has been characterized by the courts as a general intent crime, which therefore does not require the allegation of a specific mental state. *People v. Lewis*, 165 Ill. 2d 305, 337, 651 N.E.2d 72, 87 (1995). Given that the crime charged is a general intent crime and the statute does not include a mental state as an element, an indictment charging armed robbery need not allege a mental state to be sufficient.

Moreover, the defendant's citation to *Jones* is misplaced. *Jones* addressed the question of whether an indictment charging armed robbery also sufficiently charged the crime of theft. *Jones*, 149 Ill. 2d at 291, 595 N.E.2d at 1072. The court held that an information charging armed robbery sufficiently alleges both the conduct and the *mental states* required for the lesser offense of theft. *Jones*, 149 Ill. 2d at 295, 595 N.E.2d at 1074. The court noted that the statutory definition of robbery does not expressly set forth a mental state. *Jones*, 149 Ill. 2d at 297, 595 N.E.2d at 1075. However, the court also noted that the Criminal Code of 1961 provides:

> " 'If the statute does not prescribe a particular mental state applicable to an element of an offense ***, any mental state defined in Sections 4—4, 4—5 or 4—6 is applicable.' " *Jones*, 149 Ill. 2d at 297, 595 N.E.2d at 1075, quoting Ill. Rev. Stat. 1987, ch. 38, par. 4—3(b).

The court stated that sections 4—4 through 4—6 define the mental states of intent, knowledge and recklessness, respectively. *Jones*, 149 Ill. 2d at 297, 595 N.E.2d at 1075. Thus, the court reasoned that either intent, knowledge, or recklessness is an element of robbery even though the statutory definition of robbery does not expressly set forth a mental state. *Jones*, 149 Ill. 2d at 297, 595 N.E.2d at 1075. Based upon the foregoing, the court concluded that the mental state is *implied* in the definition of the offense of armed robbery. *Jones*, 149 Ill. 2d at 297, 595 N.E.2d at 1075.

The clear implication from the reasoning in *Jones* is not, as the defendant suggests, that armed robbery requires the inclusion of a mental state in the indictment or information but, instead, that a mental state need *not* be included because the mental state is *implied* when the other elements of the offense are properly included. Consequently, we find that the indictment was sufficient, and the trial court properly denied the defendant's motion to dismiss the indictment and his motion in arrest of judgment.

## II. Prosecutorial Remarks

The defendant also argues that the affidavits of the three jurors previously mentioned are evidence that the improper comments of the prosecutor materially affected the jury's verdict. He therefore claims that the trial court erred when it denied his motion for a new trial. After reviewing the record and applicable law, we find the defendant's claim is without merit.

■ Improper remarks by a prosecutor generally do not constitute reversible error unless they result in substantial prejudice to the accused. *People v. Johnson*, 119 Ill. 2d 119, 139-40, 518 N.E.2d 100, 109-10 (1987). Such prejudice does not ordinarily occur where the trial court sustains an objection to the improper comments and gives a curative instruction. See, *e.g.*, *People v. Tenner*, 157 Ill. 2d 341, 369, 626 N.E.2d 138, 150 (1993) (finding no harm where the trial judge sustained an objection to a prosecutor's improper comment). Moreover, reversal is not warranted if the State's evidence of guilt is substantial and not closely balanced. *Tenner*, 157 Ill. 2d at 368, 626 N.E.2d at 150, quoting *People v. Henderson*, 142 Ill. 2d 258, 323, 568 N.E.2d 1234, 1265 (1990).

■ The evidence in the present case is overwhelmingly balanced in favor of the defendant's conviction for armed robbery. Hester, Lindie, and Judith all testified that the defendant entered the shop and displayed his knife within one foot of Judith's face while demanding that she open the cash register. Indeed, the defendant himself admitted both to the police and on the witness stand that he entered the shop with the knife and demanded the cash. Moreover, the trial court sustained the defense's objections to both comments and gave a curative instruction after sustaining each objection. Based on these facts, we find the trial court properly denied the defendant's motion for a new trial because the balance of evidence in conjunction with the trial court's careful curative instructions show that the defendant was not prejudiced by the prosecutor's comments.

Moreover, the jurors' affidavits do not alter this conclusion. As the State correctly argues, "[i]t is a well-settled principle that a jury's verdict may not be impeached by the testimony or affidavit of a juror which shows the motive, method or process by which that verdict was reached." *People v. Boclair*, 129 Ill. 2d 458, 485, 544 N.E.2d 715, 727 (1989); see also *People v. Rhoden*, 253 Ill. App. 3d 805, 809, 625 N.E.2d 940, 943 (1993). "The only way to impeach a jury's verdict is to reveal physical intimidation or excluded events brought to the jury's attention *without showing how these events affected the jury's reasoning.*" (Emphasis added.) *Rhoden*, 253 Ill. App. 3d at 809, 625 N.E.2d at 943; see also *People v. Wilson*, 246 Ill. App. 3d 311, 322, 615 N.E.2d 1283, 1290 (1993).

After reviewing the jurors' affidavits in this case, we find the affidavits to be an improper form of jury impeachment. The affidavits reveal neither physical intimidation nor excluded events of which the jury became aware. Instead, the affidavits reveal only the motive, method, and process by which the jury reached a verdict. The affidavits therefore contain precisely the type of information that the law prohibits from impeaching a jury's verdict. *Rhoden*, 253 Ill. App. 3d at 809, 625 N.E.2d at 943. As a consequence, we conclude that the trial court did not err when it denied the defendant's motion for a new trial.

### III. Sufficiency of the Evidence

Although couched as an argument regarding the remarks of the prosecutor, the defendant also claims that the evidence was insufficient to prove him guilty of armed robbery. The defendant posits that "[i]t is clear from the evidence that the ladies in the salon were neither amused nor frightened by this person carrying a brown paper sack and a pocket knife in his gloved hands." Consequently, the defendant claims that the defendant could have only been found guilty of theft because the requisite threat of force was not proven.

■ Force or threat of force is an element of the offense of armed robbery. 720 ILCS 5/18—1 (West 1994); *Lewis*, 165 Ill. 2d at 339, 651 N.E.2d at 88. The necessary force or threat of force must be used as a means of taking the property from the victim. *Lewis*, 165 Ill. 2d at 339, 651 N.E.2d at 88. "As long as there is *some concurrence* between the defendant's threat of force and the taking of the victim's property, a conviction for armed robbery is proper." (Emphasis added.) *Lewis*, 165 Ill. 2d at 339, 651 N.E.2d at 88.

In the instant case, as already discussed, the evidence overwhelmingly showed that the defendant took the currency from the shop by means of a threat of force. The defendant entered the shop displaying a four- to five-inch knife, placed it within one foot of Judith's face, and demanded the money from the register. The display of the knife in conjunction and concurrence with the defendant's taking of the cash is clearly sufficient to sustain his conviction for armed robbery. See *People v. Hovenec*, 232 Ill. App. 3d 57, 60, 596 N.E.2d 749, 752 (1992) (finding the evidence sufficient for an armed robbery conviction where the defendant waived around a knife while exiting the liquor store he robbed).

### IV. Supreme Court Rule 615(b)

■ Finally, the defendant argues that this court should use its authority under Supreme Court Rule 615(b) to reduce his sentence. 134 Ill. 2d R. 615(b).

Rule 615(b) provides that a reviewing court may reduce the degree of offense for which the appellant was convicted and reduce the punishment imposed by the trial court. 134 Ill. 2d Rs. 615(b)(3), (b)(4). A reviewing court may exercise this authority only where a lesser-included offense is involved. *People v. Sims*, 245 Ill. App. 3d 221, 225, 614 N.E.2d 893, 896 (1993). Moreover, this power should be used only in rare instances with "caution and circumspection." *People v. Jones*, 286 Ill. App. 3d 777, 783, 676 N.E.2d 1335, 1339-40 (1997).

In the instant case, as already discussed, the evidence was sufficient to sustain the defendant's conviction for armed robbery. Additionally, as the trial court noted, he was sentenced to the minimum term of imprisonment for his offense. The trial court stated that although the defendant had no "substantial criminal history whatsoever," this lack of a criminal record did not alter the fact that he entered the salon armed with a dangerous weapon in his hand. Given that the Illinois General Assembly has determined the minimum sentence which the defendant may be given for his offense of armed robbery (730 ILCS 5/5—8—1(a)(3) (West 1994)), we decline to depart from the legislature's determination.

## CONCLUSION

For the reasons stated, we find that the trial court properly denied the defendant's motions concerning the sufficiency of the indictment and properly denied his motion for a new trial. Additionally, we decline to reduce either the charge for which the defendant was convicted or his sentence. As a result, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

SLATER and HOLDRIDGE, JJ., concur.