# Illinois Official Reports

## Appellate Court

---

### *People v. Underwood*, 2019 IL App (3d) 170623

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SONJA L. UNDERWOOD, Defendant-Appellant. |
| District & No. | Third District No. 3-17-0623 |
| Rule 23 order filed Motion to publish allowed Opinion filed | December 11, 2019 December 18, 2019 December 18, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 16-TR-57041; the Hon. Chrystel L. Galvin, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Dimitri Golfis, of State Appellate Defender's Office, of Ottawa, for appellant. James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

JUSTICE LYTTON delivered the judgment of the court, with opinion. Justices McDade and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Sonja L. Underwood, was convicted following a bench trial of driving while license suspended. On appeal, she argues the State failed to introduce independent evidence corroborative of her admission and thus failed to establish the *corpus delicti*. We affirm.

¶ 2                                  I. BACKGROUND

¶ 3    The State charged defendant by citation with driving while license suspended (625 ILCS 5/6-303(a) (West 2016)). Defendant subsequently waived her right to a jury trial, and a bench trial commenced on May 19, 2017.

¶ 4    Officer William Otis of the Joliet Police Department testified that he responded to the scene of an accident on August 14, 2016. Otis testified that upon his arrival at the scene, he observed that "[t]here were two vehicles already pulled into the BP gas station at 6 McDonough." The two vehicles were a Ford Explorer and an Acura. Otis testified that he spoke with "both drivers of the vehicles," though he could not recall whether the drivers were inside or outside of their respective vehicles when he arrived.

¶ 5    Otis testified that he spoke with the driver of the Ford Explorer, who he identified as defendant. According to Otis, defendant told him that she was attempting to turn at the intersection of McDonough Street and Chicago Street when the other driver struck her vehicle. Otis observed damage to both vehicles that corresponded to the version of events provided by defendant. Otis testified that part of his training to become a police officer included training in the reconstruction of traffic accidents. He had undertaken additional accident reconstruction courses since that original training.

¶ 6    On cross-examination, Otis agreed that he did not know the amount of time the two vehicles had been parked at the gas station prior to his arrival. He also agreed that the registered owner of the Ford Explorer was Richard Williamson. On redirect, Otis testified that defendant admitted to driving the Ford Explorer when it was involved in the accident. The State submitted into evidence a driving abstract, which established that a suspension of defendant's driver's license was in effect on the day of the accident.

¶ 7    The court found defendant guilty of driving while license suspended. Defendant was sentenced to a term of 24 months' conditional discharge and 300 hours of community service. Defendant appeals.

¶ 8                                   II. ANALYSIS

¶ 9    On appeal, defendant argues that the State failed to prove her guilty beyond a reasonable doubt. More specifically, she argues that the State failed to establish the *corpus delicti* by providing sufficient independent evidence corroborative of her extrajudicial admission.

¶ 10    In Illinois, the State is required to prove beyond a reasonable doubt two basic propositions at trial: "(1) that a crime occurred, *i.e.*, the *corpus delicti*; and (2) that the crime was committed by the person charged." *People v. Sargent*, 239 Ill. 2d 166, 183 (2010). As a matter of law, the

State's proof of the *corpus delicti* may not consist exclusively of the defendant's extrajudicial admission. *Id.* "Where a defendant's confession is part of the proof of the *corpus delicti*, the prosecution must also adduce corroborating evidence independent of the defendant's own statement. [Citation.] If a confession is not corroborated in this way, a conviction based on the confession cannot be sustained." *Id.*

¶ 11 The amount or nature of independent corroborative evidence required by the *corpus delicti* rule is "far less" than that needed to prove guilt beyond a reasonable doubt. *People v. Lara*, 2012 IL 112370, ¶ 45. That same evidence need not be corroborative of every element of the charged offense. *Id.* ¶ 50. "[T]he independent evidence need only *tend to show* the commission of a crime." (Emphasis in original.) *Id.* ¶ 18.

¶ 12 In *Lara*, our supreme court made clear that "*direct* corroborating evidence" is not mandatory under the *corpus delicti* rule. (Emphasis in original.) *Id.* ¶ 31. In reaching that conclusion, the court discussed its prior decision in *People v. Perfecto*, 26 Ill. 2d 228 (1962). *Lara*, 2012 IL 112370, ¶¶ 31-32. In *Perfecto*, the court cited numerous pieces of circumstantial evidence in finding that the defendant's confession was properly corroborated. *Perfecto*, 26 Ill. 2d at 229-30. The *Lara* court approved of that analysis, as well as the prior court's statement of the applicable law: "The true rule is that if there is evidence of corroborating circumstances which *tend to prove the corpus delicti* and *correspond with the circumstances related in the confession*, both *** may be considered in determining whether the *corpus delicti* is sufficiently proved in a given case." (Emphases in original and internal quotation marks omitted.) *Lara*, 2012 IL 112370, ¶ 32 (quoting *Perfecto*, 26 Ill. 2d at 229, quoting *People v. Gavurnik*, 2 Ill. 2d 190, 194 (1954)).

¶ 13 In the present case, defendant was charged with driving while license suspended. That offense requires the State to prove beyond a reasonable doubt that (1) defendant was driving a motor vehicle on a highway of this state while (2) her driver's license was suspended. 625 ILCS 5/6-303(a) (West 2016). The State proved the second of these propositions through direct evidence. The primary evidence of the first element—that defendant was driving a motor vehicle—was established through defendant's confession to that fact. Thus, we must consider what evidence corroborates that account.

¶ 14 According to Otis's testimony, defendant told him that the accident had occurred when she attempted to turn at an intersection and had been struck by the other vehicle. Further, Otis testified that when he arrived at the scene of the accident, there were only two people in the vicinity of the two vehicles.

¶ 15 To be sure, that corroborative evidence cannot be characterized as strong or especially compelling. Nevertheless, *Lara* does not require corroborative evidence to meet a particularly high evidentiary threshold, one "far less" than that required to prove a defendant guilty beyond a reasonable doubt. *Lara*, 2012 IL 112370, ¶ 45. Here, defendant's accurate knowledge of the traffic accident and her being the only person in the vicinity of the Ford Explorer correspond with her admission that she was driving the vehicle. *Id.* ¶ 32.

¶ 16 Defendant correctly points out that the State's corroborative evidence demonstrates, at most, "that [defendant] saw the accident happen" and does not eliminate other possible scenarios. For example, the corroborative evidence presented by the State here does not eliminate the possibility that defendant was a passenger in the Ford Explorer during the accident and that the actual driver fled on foot after pulling into the gas station. Nor does it

eliminate a scenario in which defendant witnessed the accident as a pedestrian and then stood in the vicinity of the vehicle after the driver had fled.

¶ 17　　The requirement that corroborative evidence tend to show the commission of a crime cannot be construed to require that the same corroborative evidence foreclose every other possible explanation of that evidence. Indeed, we are aware of no case that would indicate the corroborative evidence necessary for satisfaction of the *corpus delicti* rule must be so strong as to eliminate all other possibilities. Defendant was the only person in the vicinity of the Ford Explorer in the aftermath of the accident and was able to accurately detail the accident for Otis. While other possible explanations for that evidence are apparent, that defendant was the driver of the vehicle is the simplest explanation. That evidence corresponds with defendant's admission and tends to show that she was driving the Ford Explorer. Under the low threshold described in *Lara*, the corroborative evidence was sufficient for the court to consider defendant's admission to driving the vehicle as evidence.

¶ 18　　Finally, defendant discusses a number of cases applying the *corpus delicti* rule in the context of traffic accidents. See *People v. Foster*, 138 Ill. App. 3d 44 (1985); *People v. Lurz*, 379 Ill. App. 3d 958 (2008); *People v. Call*, 176 Ill. App. 3d 571 (1988); *People v. Rhoden*, 253 Ill. App. 3d 805 (1993). Of those cases, however, only in *Foster* did the court find the State had failed to provide sufficient corroborative evidence. *Foster*, 138 Ill. App. 3d at 47. In that case, two people were found, asleep, in the passenger cabin of a vehicle, a fact that significantly distinguishes that case from the one in question. *Id.* at 45.

¶ 19　　Regarding the remaining cases, in which the court found the corroborative evidence to be sufficient, defendant emphasizes facts present in those cases but not present here. For example, in *Lurz*, the defendant was the owner of the vehicle and had in his possession the keys to the vehicle. *Lurz*, 379 Ill. App. 3d at 972. Defendant argues that the absence of such facts is thus indicative that the corroborating evidence is insufficient in the present case.

¶ 20　　That certain evidence is sufficiently corroborative in one fact-specific case, however, does not mean that the absence of such evidence in another case is fatal. There was no evidence here that defendant had the keys to the Ford Explorer, but she was able to give accurate details regarding the accident the vehicle had just sustained. Defendant was not the registered owner of the vehicle, but she was the only person in the vicinity of the vehicle after the accident. The facts of each case will inevitably be different. In this case, we find that the State's evidence was sufficiently corroborative of defendant's admission to satisfy the *corpus delicti* rule.

¶ 21　　　　　　　　　　　　　　III. CONCLUSION

¶ 22　　The judgment of the circuit court of Will County is affirmed.

¶ 23　　Affirmed.