2021 IL App (2d) 190066-U
No. 2-19-0066
Order filed June 29, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| VILLAGE OF ROUND LAKE, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 17-DT-1603 |
| | ) | |
| BELINDA DELATORRE, | ) | Honorable |
| | ) | John J. Scully, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court.
Justices McLaren and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The *corpus delicti* of driving under the influence of alcohol was absent where defendant admitted that she had driven a nearby vehicle but she was not observed in the driver's seat and there was no evidence that she possessed the keys to the vehicle or that she owned or regularly drove the vehicle.

¶ 2   The Village of Round Lake (Village) charged defendant, Belinda Delatorre, with a single count of driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West 2016)). Following a bench trial, she was found guilty of that offense and was sentenced to a 24-month term of probation and 240 hours of public service. Defendant argues on appeal that, because there

was no proof of the *corpus delicti* other than her uncorroborated out-of-court statement, the conviction cannot stand. We reverse.

¶ 3                                     I. BACKGROUND

¶ 4      At trial, Village police officer Robert Robinson testified that, on September 20, 2017, shortly before 3:30 a.m., he was dispatched to the 300 block of Lunar Drive in response to a report of a domestic disturbance that had occurred at a different location. The complainant had indicated to dispatch that she was trying to locate her boyfriend. When Robinson arrived at the scene, he observed defendant and two men in a courtyard. One of the men entered a vehicle and started driving toward Robinson. Robinson stopped the vehicle. Defendant and the other man were at the end of the courtyard, standing near a white Chrysler. Robinson's partner, Officer Nelson, went to speak with them while Robinson spoke with the driver of the vehicle that he had stopped. Robinson then walked over to join the group at the end of the courtyard. Defendant indicated that she had been involved in a domestic altercation with her boyfriend in Round Lake Beach. Defendant's boyfriend left after the altercation. Defendant believed that he had gone to the Lunar Drive location, where his parents lived. Defendant then met up with the two men, and they proceeded to the Lunar Drive location. Defendant "advised [that] she drove her car and pointed towards [the] white Chrysler." She also stated that the two men followed her to the Lunar Drive location in another vehicle. Failing to find her boyfriend, defendant contacted the police.

¶ 5      Robinson testified that defendant's speech was slightly slurred, her eyes were red and glossy, and her clothes were disheveled. He also detected the odor of an alcoholic beverage on her breath. Suspecting that she was intoxicated, Robinson administered field sobriety tests. Based on defendant's performance on the tests, Robinson concluded that she was under the influence of

alcohol, and he placed her under arrest for DUI. Defendant subsequently refused to take a breathalyzer test. While being booked, she denied having driven.

¶ 6    The trial court found defendant guilty. The court determined that defendant's confession that she drove the Chrysler was sufficiently corroborated by (1) the presence of that vehicle, (2) her pointing to that vehicle as the one she drove, and (3) the presence of two men with her.

¶ 7                                    II. ANALYSIS

¶ 8    Defendant was charged with violating section 11-501(a)(2) of the Illinois Vehicle Code (625 ILCS 5/11-501(a)(2) (West 2016)), which provides that a person shall not drive or be in actual physical control of a vehicle while under the influence of alcohol. Defendant does not dispute that the Village introduced sufficient evidence to establish that she was under the influence of alcohol. However, she argues that the Village's proof of the *corpus delicti* was inadequate because the only evidence that she drove a vehicle was her uncorroborated out-of-court statement to police.[1]

¶ 9    When a defendant challenges the sufficiency of the evidence, the reviewing court must view the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Brown*, 2013 IL 114196, ¶ 48.

¶ 10   The *corpus delicti* rule has been described as follows:

---------------------------

[1] Contrary to the trial court's characterization of defendant's out-of-court statement, we find the statement was not a confession. At most, her statement was an admission to an element of the offense. See *People v. Georgev*, 38 Ill. 2d 165, 175-76 (1967) (explaining the distinction between confessions and admissions).

"[T]he *corpus delicti* of an offense is the commission of a crime. [Citation.] In criminal proceedings, the State must prove beyond a reasonable doubt the following two propositions: (1) a crime was committed, the *corpus delicti*, and (2) the identity of the person who committed the crime. [Citation.] Generally, the State cannot prove the *corpus delicti* solely through the defendant's admission, confession or out-of-court statement and must also provide independent corroborating evidence. [Citation.] The independent corroborating evidence need only tend to prove, generally, the commission of an offense. Moreover, the independent corroborating evidence is not required to be identical to the details of the defendant's admission; instead, only some consistency between the two is required tending to confirm and strengthen the defendant's admission. [Citation.] Sufficient corroboration exists where the evidence tends to connect the defendant with the crime. [Citation.]" (Emphasis omitted.) *People v. Smith*, 2015 IL App (1st) 132176, ¶ 18.

Furthermore, "[t]he requirement that corroborative evidence tend to show the commission of a crime cannot be construed to require that the same corroborative evidence foreclose every other possible explanation of that evidence." *People v. Underwood*, 2019 IL App (3d) 170623, ¶ 17. "[I]f there is evidence of corroborating circumstances which tend to prove the *corpus delicti* and correspond with the circumstances related in the confession, both the circumstances and the confession may be considered in determining whether the *corpus delicti* is sufficiently proved in a given case." (Internal quotation marks and citation omitted.) *People v. Willingham*, 89 Ill. 2d 352, 359 (1982). However, evidence that is merely consistent with a confession is insufficient if it does not tend to establish the commission of a crime. To illustrate, evidence that a defendant's sleeping quarters were in the basement, that a boy slept in the basement one night, and that the

boy's rectum appeared pinkish and swollen two to three weeks later was held to be insufficient corroboration of the defendant's statement that he sexually assaulted the boy. *People v. Lambert*, 104 Ill. 2d 375, 379-80 (1984).

¶ 11    Although the standard for establishing the *corpus delicti* through corroboration of an out-of-court statement is low, it simply has not been satisfied in this case.  Here, the evidence independent of defendant's incriminating statement is consistent only with the broad outline of the defendant's statement, *i.e.*, that she and two men traveled in two vehicles to a location where she hoped to find an individual involved in a purported domestic violence incident.  However, there is no independent evidence tending to confirm the crucial detail that she drove one of the vehicles—the Chrysler—found at that location.  Defendant was not observed in the driver's seat.  There was no evidence that she possessed the keys to the vehicle.  Nor was there evidence that she owned or regularly drove the Chrysler.  Under these circumstances, the evidence independent of defendant's statement is grounds for nothing more than speculation that she drove a vehicle.  The evidence does not tend to prove the commission of a crime; it neither confirms nor strengthens defendant's statement that she drove to the scene.  Accordingly, we conclude that the independent evidence was insufficient corroborative evidence of the *corpus delicti*.

¶ 12    We note that the evidence here does not measure up to that in cases where courts have found sufficient corroboration that the defendant was driving.  For instance, in *People v. Sanchez*, 2019 IL App (3d) 160643, an officer responded to a report of a motor vehicle that had crashed on the side of a bridge.  The vehicle, which was registered to the defendant, had been driven up onto a raised median that separated the roadway from the sidewalk.  The defendant was found at his home a few blocks away, and he had the keys to the vehicle in his possession.  The court held that, for purposes of establishing the *corpus delicti*, the evidence was sufficient corroboration of the

defendant's statement that he was driving the car and that he went home after the collision. *Id.* ¶¶ 16-17. In *People v. Rhoden*, 253 Ill. App. 3d 805 (1993), the defendant was found guilty of DUI and reckless homicide in connection with a motor vehicle accident that killed his companion. Defendant's statement that he had been driving was corroborated by evidence that the defendant was the owner of the vehicle, he was standing next to the car after the accident, and the victim was pinned underneath the passenger side of the vehicle. In addition, the defendant took pains to keep the car in good condition, so it was unlikely that he would have allowed the victim, whom he believed was intoxicated, to drive. *Id.* at 812.

¶ 13 The Village notes that, after being arrested, defendant denied that she had been driving. The Village argues that "[t]he later exculpatory statement, given only after time had passed and the defendant was under arrest, and lacking in detail like her earlier inculpatory statement, was clearly false." According to the Village, defendant's postarrest statement was evidence of consciousness of guilt. We do not accept the Village's reasoning that the latter statement was "clearly false." Indeed, the argument seems to presuppose that the prearrest statement was true, and thus the argument has a circular quality.

¶ 14 Finally, we note that the Village has cited two unpublished orders under Illinois Supreme Court Rule 23(b) (eff. Jan. 1, 2021). Rule 23(e)(1), as recently amended, permits citation of Rule 23 orders entered after January 1, 2021, for persuasive purposes. However, the Rule 23 orders cited here were entered before that date. Accordingly, the citations were improper and we have not considered them.

¶ 15                                  III. CONCLUSION

¶ 16 For the foregoing reasons, the judgment of the circuit court of Lake County is reversed.

¶ 17 Reversed.