**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210549-U

Order filed June 6, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0549 Circuit No. 19-DT-817 |
| | ) | |
| ELIJAH M. LLEREZA, | ) ) | Honorable Bennett J. Braun, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Hettel and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Defendant's admissions to driving while under the influence were sufficiently corroborated at trial, and the totality of the evidence was sufficient to sustain defendant's conviction.

¶ 2     Defendant, Elijah M. Llereza, appeals his conviction for driving while under the influence of alcohol (DUI), arguing the evidence was insufficient to prove he was driving or in actual physical control of the vehicle while he was under the influence of alcohol. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        Defendant was charged with misdemeanor DUI (625 ILCS 5/11-501(a)(2) (West 2018)), stemming from an apparent vehicle crash. The State alleged that on August 17, 2019, defendant drove or was in actual physical control of a vehicle while under the influence of alcohol. On April 5, 2021, the case proceeded to a bench trial.

¶ 5        Officer Christopher Witt of the Bolingbrook Police Department testified that shortly after midnight on August 17, 2019, he was dispatched to a damaged vehicle parked on the side of the road. En route to the scene, Witt saw vehicle debris in the road leading to the scene, which he later collected. Upon arrival, Witt observed a heavily damaged gray Nissan. The vehicle debris Witt collected matched the Nissan. There was heavy damage to the front and rear of the Nissan. Both right side tires were flat, and the right front tire was on its rim. No one was present when Witt arrived. Approximately 20 minutes later, defendant appeared on scene on foot.

¶ 6        Witt spoke with defendant who admitted the vehicle was his and he had been driving. Defendant said he had been driving from a friend's home and struck a light pole. Defendant could not remember where the light pole was located. Defendant also said he had been at a party hosted by his friend, where he consumed half a bottle of vodka. Defendant told Witt he left the party because he felt he was "too intoxicated and he wanted to get home as quickly as possible." When Witt asked defendant whether he was too intoxicated to drive, defendant replied, "[I] hit a pole, what do you think?" Defendant told Witt "that he parked his car and left because he was scared."

¶ 7        While speaking with defendant, Witt observed defendant "had a strong odor of an alcoholic beverage emitting from his breath ***, his eyes were bloodshot and glassy, and his speech was thick tongued." Witt asked defendant to perform three standardized field sobriety tests. Defendant agreed and performed the tests. Defense counsel repeatedly objected to the testimony relating to the field sobriety tests, arguing an appropriate foundation had not been laid for the evidence. At

2

this point, Witt determined defendant was under the influence of alcohol and could not safely operate a vehicle. He then arrested defendant.

¶ 8        On cross-examination, Witt admitted he had not observed the damaged Nissan in motion, nor had he effectuated a traffic stop of the vehicle as it was parked without passengers upon his arrival. Witt agreed that he observed damage to the front and rear of the vehicle. Witt did not personally observe how the damage to the Nissan occurred. Witt agreed that while defendant admitted to being at a friend's party and drinking vodka, he did not say what time he arrived at the party or what time he left the party, only that he had been there for a couple of hours earlier in the evening. Defendant did not provide a time at which he ceased drinking alcohol.

¶ 9        During Witt's testimony, the State attempted to elicit evidence regarding Witt's investigation into the registered owner of the vehicle. Before Witt could answer the State's questions, the court sustained an objection from defendant, declining to admit the evidence on hearsay grounds.

¶ 10        The State rested and defendant moved for a directed finding. The court denied the motion. During closing arguments, the court expressed concern about the evidence presented, stating,

> "There wasn't a witness to the collision. The only witness to the collision was at best was the defendant.
>
> * * *
>
> *** I don't have any idea when that accident took place. I know that—I suppose there is evidence that I could draw the conclusion *** that the defendant was impaired at the time he came back to the vehicle. I don't know who owns this vehicle."

3

¶ 11    Following arguments, the court made preliminary findings and took the case under advisement. The court stated it found Witt's testimony to be credible but was not going to consider the conclusions he made from the field sobriety tests because it did not "believe the officer was asked sufficient questions for [it] to find that the tests were conducted consistent with the—with the NHTSA requirements." The court asked the parties to each submit a memorandum of law regarding whether "Witt's testimony, the statements of the defendant, [and] *** Witt's observations" were "sufficient to prove the case beyond a reasonable doubt."

¶ 12    After receiving the memoranda, the court found defendant guilty. In its recitation of the trial evidence, the court noted,

> "The defendant said that he had consumed a half a bottle of vodka *** at a party in Romeoville earlier over a period of about two hours. That he had not consumed any alcoholic beverages since then.
>
> He produced a license, which, essentially, that, along with the officer's check of the registration, confirmed that the vehicle was owned by the defendant."

The court found defendant's statements were confirmed "by the registration, his appearance, odor, speech, difficulty maintaining balance while walking." Additionally, it found the evidence corroborated by the fact defendant did not deny driving the vehicle or state that someone else drove the vehicle, especially "in light of the fact that the registration came back to the defendant confirming his ownership in the vehicle." Based on that, the court found that "the *corpus delicti* of the crime of [DUI] is demonstrated independent from the defendant's admissions."

¶ 13    Defendant moved to reconsider, asserting the State offered no evidence at trial of (1) the ownership of the Nissan, (2) when defendant had consumed alcohol, (3) when defendant had left the party, and (4) whether defendant had consumed alcohol after the party but prior to encountering

4

Witt. The court denied the motion and sentenced defendant to 18 months' court supervision. This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15        Defendant contends the State failed to prove him guilty beyond a reasonable doubt. Specifically, defendant argues the only evidence presented at trial, defendant's extrajudicial admissions to Witt, was insufficient to sustain a conviction because no independent corroborating evidence was presented.

¶ 16        When reviewing challenges to the sufficiency of the evidence, a reviewing court must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). In making this determination, we review the evidence in the light most favorable to the State. *People v. Hardman*, 2017 IL 121453, ¶ 37. All reasonable inferences from the record must be drawn in favor of the prosecution. *Id.* "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *Collins*, 106 Ill. 2d at 261.

¶ 17        "Under the law of Illinois, proof of an offense requires proof of two distinct propositions or facts beyond a reasonable doubt: (1) a crime occurred, that is, the *corpus delicti*; and (2) the crime was committed by the person charged." *People v. Sargent*, 239 Ill. 2d 166, 183 (2010). A defendant's confessions, admissions, or extrajudicial statements alone are insufficient to establish *corpus delicti*. *People v. Lara*, 2012 IL 112370, ¶ 17. "[T]he *corpus delicti* rule requires only that the corroborating evidence correspond with the circumstances recited in the confession and tend to connect the defendant with the crime." *Id.* ¶ 51. The independent corroborative evidence required is significantly less than the evidence needed to prove the defendant's guilt beyond a

5

reasonable doubt. *Id.* ¶ 45. This evidence need not corroborate every element of the charged offense. *Id.* ¶ 50. "If such evidence tends to prove that the offense occurred and corroborates a defendant's confession, it may be considered, together with the confession, to establish the *corpus delicti* of the offense." *People v. Call*, 176 Ill. App. 3d 571, 575 (1988).

¶ 18 Here, defendant was charged with DUI. As charged, the offense required the State to prove beyond a reasonable doubt that defendant drove or was in actual physical control of a motor vehicle at a time when he was under the influence of alcohol. 625 ILCS 5/11-501(a)(2) (West 2018). The primary evidence presented by the State to prove both elements was established through defendant's admissions to Witt. Thus, we must consider if the independent evidence the State presented corroborates defendant's admissions. *Lara*, 2012 IL 112370, ¶ 17.

¶ 19 The evidence adduced at trial, independent of defendant's admissions, showed that Witt responded to a call regarding a damaged vehicle parked on the side of the road. Pieces of that vehicle littered the road en route to the scene. The vehicle was parked and empty upon Witt's arrival. The vehicle sustained heavy damage to the front, rear, and right-side tires. Defendant arrived on scene and began interacting with Witt approximately 20 minutes after Witt's arrival. Defendant exhibited physical signs of intoxication when he interacted with Witt in the early hours of August 17, 2019.

¶ 20 In this case, the independent evidence presented at trial corresponds with defendant's admissions where defendant demonstrated knowledge of the damaged vehicle's location, returned to the area on foot and alone, and exhibited physical signs of intoxication. This evidence, coupled with defendant's admissions to owning the vehicle, driving, striking a light pole, parking the vehicle, and leaving the area in fear are sufficient to prove defendant drove the motor vehicle.

¶ 21    In coming to this conclusion, we reject defendant's reliance on cases where corroborating evidence was found insufficient when the record contained no evidence of possession of car keys, ownership of the vehicle, or finding defendant in the driver's seat. See *People v. Foster*, 138 Ill. App. 3d 44, 47 (1985); *Village of Round Lake v. Delatorre*, 2021 IL App (2d) 190066-U, ¶ 11. The fact that "certain evidence is sufficiently corroborative in one fact-specific case, *** does not mean that the absence of such evidence in another case is fatal." *People v. Underwood*, 2019 IL App (3d) 170623, ¶ 20.

¶ 22    Moreover, we reject defendant's argument that, even if he was driving, the evidence is insufficient to prove he was under the influence of alcohol while he was driving that evening. Defendant admitted that, while at a party, he consumed half a bottle of vodka over the course of a couple of hours earlier in the evening. He left the party because he was too intoxicated and wanted to get home quickly. Defendant struck a light pole. When Witt asked defendant if he had been too intoxicated to drive, defendant quipped, "[I] hit a pole, what do you think?" And critically, Witt observed the odor of alcohol on defendant's breath, his bloodshot and glassy eyes, and his thick-tongued speech. Even in the absence of a specific time, this evidence supports a reasonable inference that defendant was intoxicated while operating his vehicle earlier that evening. Defendant asserts that we may not rely on these statements because they are not corroborated by independent evidence. However, we reiterate that the independent evidence need not corroborate every element of the offense; it need only *tend* to prove the offense occurred. *Lara*, 2012 IL 112370, ¶ 50.

¶ 23    We find the State's evidence satisfied the *corpus delicti* rule. Considering only the competent evidence before the court in the light most favorable to the State, we conclude the evidence was sufficient to sustain defendant's conviction for DUI.

¶ 24                                III. CONCLUSION

¶ 25        For the reasons stated, we affirm the judgment of the circuit court of Will County.

¶ 26        Affirmed.